**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **WALTER C. SAENZ and WCS** | § | |
| **LEASING, L.L.C., d/b/a MARS** | § | |
| **RECOVERY,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| | § | **CIVIL ACTION NO. _____** |
| **v.** | § | |
| | § | |
| **U.S. BANK, N.A.,** | § | |
| | § | |
| *Defendant*. | § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant U.S. Bank National Association ("Defendant") removes this action from the County Court at Law Number 2 of Montgomery County, Texas to the United States District Court for the Southern District of Texas, Houston Division as follows:

## I.
## STATE COURT ACTION

1.      On January 28, 2021, Plaintiffs Walter C. Saenz and WCS Leasing, L.L.C. d/b/a Mars Recovery ("Plaintiffs") filed their *Original Petition with Discovery* (the "Petition") in the County Court at Law Number 2 of Montgomery County, Texas styled: *Walter C. Saenz and WCS Leasing, L.L.C., d/b/a Mars Recovery*, No. 21-01-01381 (the "State Court Action").

2.      In the State Court Action, Plaintiffs allege that they towed a 2019 Freightliner/FDSV recreational vehicle, VIN # 4UZACGFC2KCLN3018 (the "RV") and thereafter sold the RV to Mr. Saenz as an abandoned vehicle.  Mr. Saenz now claims to be the owner of the RV and asserts a claim against Defendant, a lienholder of the RV, for fraud and seeks a declaratory judgment that title to the RV is legally vested in in Mr. Saenz.

3. Defendant was served on February 4, 2021. Therefore, this Notice of Removal is timely under 28 U.S.C. §§ 1446(b)(1), 1446(b)(2)(B).

4. Defendant removes the State Court Action to this Court on the basis of diversity jurisdiction.

## II.
## PROCEDURAL REQUIREMENTS

5. This action is properly removed to this Court, as the lawsuit is pending within the district and division. *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(b)(2).

6. The United States District Court for the Southern District of Texas, Houston Division has original jurisdiction over this action based on diversity jurisdiction because Defendant is now, and was at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount. *See* 28 U.S.C. § 1332(a).

7. Pursuant to 28 U.S.C. § 1446(a) and Southern District of Texas Local Rule 81, this Notice of Removal is accompanied by copies of the following materials:

> **Exhibit A**    Index of Matters Being Filed;
>
> **Exhibit B**    Civil Cover Sheet;
>
> **Exhibit C**    List of all Counsel of Record;
>
> **Exhibit D**    State Court docket sheet;
>
> **Exhibit D-1**    Petition;
>
> **Exhibit D-2**    Issued Citation;
>
> **Exhibit D-3**    Clerk's Certificate of Service
>
> **Exhibit D-4**    Return of Service;
>
> **Exhibit D-5**    Defendant's Original Answer;
>
> **Exhibit E**    Texas Franchise Tax Public Information Report; and

**Exhibit F**    U.S. Bank Recreation Finance National Promissory Note and Security Agreement

9.    In connection with the filing of this Notice of Removal, Defendant is filing a copy of the Notice of Removal in the County Court at Law Number 2 of Montgomery County, Texas pursuant to 28 U.S.C. § 1446(d).

### III.
### DIVERSITY JURISDICTION

10.    Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court.  *See* 28 U.S.C. §§ 1332(a), 1441(a).  Complete diversity exists in this case because Plaintiffs are not a citizen of the same state as Defendant and this action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs.

**A.    THE PARTIES ARE COMPLETELY DIVERSE**

11.    Plaintiff Walter C. Saenz is a natural person, so his citizenship for diversity purposes is determined by "where [he is] domiciled, that is, where [he has] a fixed residence with the intent to remain there indefinitely."  *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at \*3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)).  Mr. Saenz is domiciled in Texas.  *See* Petition ¶ III(A).  Therefore, Plaintiff is a citizen of Texas for diversity purposes.

12.    Plaintiff WCS Leasing, L.L.C. d/b/a Mars Recovery ("Mars Recovery") is a Texas limited liability company. The citizenship of a limited liability company for diversity purposes "is determined by the citizenship of all of its members."  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008).  Pursuant to the most recent Texas Franchise Tax Public Information Report filed by Mars Recovery, the members of Mars Recovery are Walter C. Saenz

and Connie S. Saenz, both of whom are Texas residents. *See* Ex. E. Therefore, Mars Recovery is a citizen of Texas for diversity purposes.

13.     Defendant is a national banking association organized under federal law. A national bank for diversity purposes "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006). Under its articles of association, Defendant's main office is located in Ohio. Therefore, Defendant is a citizen of Ohio for diversity purposes. 28 U.S.C. § 1348; *Wachovia Bank*, 546 U.S. at 318; *see also U.S. Bank N.A. v. Alliant Energy Res. Inc.*, No. 09-cv-078-bbc, 2009 WL 1850813, at \*1 (W.D. Wis. June 26, 2009) (". . . U.S. Bank National Association is a citizen of Ohio.").

## B.     THE AMOUNT IN CONTROVERSY IS SATISFIED

14.     Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at \*2 (S.D. Tex. Aug. 27, 2009).

15.     "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341(5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010). Specifically, the *Farkas* Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the

property itself that is the object of the litigation; the value of that property represents the amount in controversy." *Id.* (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)). Thus, "'[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mort. LLC v. Knox*, No. 08-60887, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., L.L.C.,* 541 F. App'x. 340, 342 n.2, (5th Cir. 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 F. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).

16.     Further, the Court may also consider actual damages and attorney's fees in determining the amount in controversy. *See White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7; *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 874 (5th Cir. 2002) ("[W]e hold that when there is state statutory authority for the court to award attorney's fees . . . such fees may be included in the amount in controversy."); *Ray Mart, Inc. v. Stock Bldg. Supply of Texas, L.P.,* 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (including potential award of attorney fees in calculating the amount in controversy).

17.     Based on a review of the Petition and the evidence presented, the amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiffs seek a declaration that Mr. Saenz is the owner of the RV and that Defendant's lien on the RV is "expired, invalid, or fraudulent." *See* Petition ¶¶ V(A), VI(A).  As a result, the entire value of the RV is squarely at issue. *See Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising

their rights in the property); *Nationstar Mortgage LLC*, 351 F. App'x at 848; *Martinez*, 777 F. Supp. 2d at 1047; *Waller*, 296 F.2d at 547-48.

18.     In October 2019, Robert J. Krajicek II obtained a loan from Defendant to purchase the RV evidenced by the attached Recreation Finance National Promissory Note and Security Agreement, which reflects an original purchase price of $320,288, and an original amount financed by Defendant of $283,519.59.  *See* Ex. F.  The RV is a 2019 Fleetwood Discovery Model 38F. The loan is due for the November 2020 payment and the payoff as of December 2020 was approximately $285,000.  According to the attached publicly-available February 2021 J.D. Power NADAguides Value Report, the average retail value is $221,790.  *See* Ex. ___.[1]   Additionally, Plaintiff seeks attorney's fees in the amount of "at least $3,000." Petition ¶ IV(B).  Accordingly, the amount in controversy clearly exceeds $75,000, exclusive of interest and costs.

19.     Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Therefore, removal is proper.

## VI.
## CONCLUSION

WHEREFORE, Defendant removes this action from the County Court at Law Number 2 of Montgomery County, Texas to the United States District Court for the Southern District of Texas, Houston Division so that this Court may assume jurisdiction over the cause as provided by law.

---

[1] https://www.nadaguides.com/RVs/2019/Discovery-by-Fleetwood/M-38F-360hp-Freightliner/6594504/Values

Respectfully submitted,

/s/ *Elizabeth Hayes*

**Marc D. Cabrera**
 State Bar No. 24069453
 S.D. Bar No. 1093318
 mcabrera@polsinelli.com
**Elizabeth Hayes**
 State Bar No. 24069001
 S.D. Bar No.
 ehayes@polsinelli.com
**POLSINELLI PC**
2950 N. Harwood, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile:  (214) 397-0033

## **ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on March 1, 2021, on all counsel of record *via regular and/or certified mail, return receipt requested.*

/s/ *Elizabeth Hayes*
Counsel for Defendant