# EXHIBIT D-1

Received and E-Filed for Record
1/28/2021 4:26 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Hannah Walker

21-01-01381

Cause No. _____

| | | |
|---|---|---|
| WALTER C. SAENZ, and | § | IN THE DISTRICT COURT OF |
| WCS LEASING, L.L.C., d/b/a | § | |
| MARS RECOVERY | § | |
| | § | |
| v. | § | MONTGOMERY COUNTY, TEXAS |
| | § | Montgomery County - DC - County Court at Law #2 |
| | § | |
| U.S. BANK, N.A. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION WITH DISCOVERY

TO THE HONORABLE COURT:

COMES NOW WALTER C. SAENZ, and WCS LEASING, L.L.C., d/b/a MARS RECOVERY, complaining of and about U.S. BANK, N.A., a/k/a "U.S. BANK NATIONAL ASSOCIATION," and for cause of action would show unto the Court the following:

### I. DISCOVERY CONTROL PLAN

For the purposes of this suit, Plaintiff intends to conduct discovery under Level Two (2) of the Discovery Control Plan pursuant to Rule 190.3 of the TEXAS RULES OF CIVIL PROCEDURE.

### II. JURISDICTION AND VENUE

This Court has jurisdiction and venue is proper in Montgomery County, Texas because the subject matter in question, a 2019 Freightliner/FDSV motorcoach, bearing vehicle identification number 4UZACGFC2KCLN3018, (the "subject vehicle"), is presently owned by Plaintiff SAENZ, and stored in Conroe, Montgomery County, Texas. The events giving rise to the subject vehicle coming into the possession of Plaintiffs occurred in College Station, Brazos County, Texas. Finally, Defendant U.S. BANK, N.A. conducts banking operations in Texas.

### III. PARTIES AND SERVICE

A. Plaintiff, WALTER C. SAENZ is a resident of the state of Texas, operating his business, MARS RECOVERY, as his principal place of business at 27057 Hanna Road, Conroe, Texas 77385, in Montgomery County, Texas.

B. Defendant U.S. BANK, N.A., a/k/a "U.S. BANK NATIONAL ASSOCIATION" is a Minnesota corporation, licensed to do business and conducting banking operations in Texas. Defendant U.S. BANK, N.A. may be served through its registered agent, C.T. Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

### IV. FACTS

A. Plaintiff WALTER SAENZ is the owner and operator of WCS LEASING, L.L.C., d/b/a MARS RECOVERY, a licensed vehicle towing and vehicle storage facility, located in Conroe, Montgomery County, Texas. On or about October 16, 2020, Plaintiff received a call from a representative of R.V. Station, at 4520 Texas Highway 6 Frontage Road, College Station, Texas, 77845. At that time, SAENZ was advised that the subject vehicle was blocking the entrance to R.V. Station, and that the owner of the vehicle could not be contacted. SAENZ was asked to tow the subject vehicle from the R.V. Station premises, and representatives of MARS RECOVERY did so on or about October 16, 2020, notifying the College Station police department as required by Texas statute on or about October 20, 2020. *See* TEXAS OCCUPATIONS CODE, TITLE 14, Subchapter D, Section 2303.151, 2303.153 and 2303.1511.

B. On or about that same day, October 20, 2020, MARS RECOVERY caused notice to be mailed to the registered owner of the subject vehicle, Robert John Krajicek, II, and the registered lienholder on the subject vehicle, Defendant U.S. BANK, N.A., via United States certified mail, return receipt requested. Notice to Defendant U.S. BANK was received on or about October 26, 2020, in substantially correct form as required by Texas statute. *See* TEXAS OCCUPATIONS CODE, TITLE 14, Subchapter D, Section 2303.151(b).

C. On or about October 29, 2020, MARS RECOVERY notified the College Station Police Department that the subject vehicle had remained in the possession of MARS RECOVERY for at least ten (10) days, and that MARS RECOVERY considered the subject vehicle to be abandoned, as that term is defined under Texas law. *See* TEXAS OCCUPATIONS CODE, TITLE 14, SECTION 2303.154.

D. On or about November 3, 2020, MARS RECOVERY caused the required second notice to be mailed to the registered owner of the subject vehicle, Robert John Krajicek, II, and the registered lienholder on the subject vehicle, Defendant U.S. BANK, N.A., via United States certified mail, return receipt requested. Notice to Defendant U.S. BANK was received on or about November 9, 2020, in substantially correct form as required by Texas statute. *See* TEXAS OCCUPATIONS CODE, TITLE 14, Subchapter D, Sections 2303.151(b) and 2303.154.

E. On or about December 3, 2020, Mr. SAENZ caused documentation of the foregoing events to be delivered to the Texas Department of Motor Vehicles, and applied for registration of the subject vehicle in his name, which was effectuated on that date. On or about December 11, 2020, the Texas Department of Motor Vehicles caused a new title to the subject vehicle to be issued in the name of "WALTER CHARLES SAENZ," Plaintiff herein.

F. During the pendency of the foregoing events in late October, November and December 2020, MARS RECOVERY was contacted on more than one occasion by representatives of Defendant, inquiring into the status of the vehicle, its location, and charges incurred by MARS RECOVERY in storing the vehicle, as allowed by Texas statute. Subsequently, on or about January 7, 2021, Plaintiff MARS RECOVERY was contacted by a representative for Defendant, initiating a discussion of "recovery of [the] motorhome," requesting documentation of how the motor home came into Plaintiff's possession and the present disposition of the motor home.

G. As a result of failed discussions between representatives of Plaintiffs and Defendant, Plaintiff has now filed this Declaratory Judgment action pursuant to Chapter 37 of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

## V CAUSES OF ACTION

A. FRAUD – Defendant U.S. BANK, N.A. has misrepresented its ownership interest in, and/or the validity of its lien on the title of the subject vehicle to representatives of Plaintiffs. The lien claimed by US. BANK is either expired, invalid, or fraudulent, and Defendant's claims should not be allowed to cloud the title to the subject vehicle, for which Plaintiff has fairly recovered, claimed and perfected pursuant to Texas statute. Defendant U.S. BANK should not be able to assert a lien on the title for the vehicle in question, as Plaintiffs have done nothing to conceal their valid and legal ownership of the vehicle in question. Moreover, Defendant U.S. BANK has received all of the required statutory notices that Plaintiffs have caused to be mailed to perfect their lien under the requirements of Texas law. In failing to timely act, after receiving multiple notices of Plaintiffs' claims regarding the subject vehicle, Defendant U.S. BANK, N.A. has consciously avoided, neglected and ignored the requirements of Texas law to require their recovery of the subject vehicle. As such, any claims to the subject vehicle by Defendant U.S. BANK, N.A. should be overruled as a matter of law, and Plaintiff should go forth without delay, with ownership, possession and valid title to the subject vehicle.

## VI. REMEDIES and/or DAMAGES

Plaintiffs WALTER C. SAENZ and WCS LEASING, L.L.C., d/b/a MARS RECOVERY seeks the following relief from this honorable Court:

A. A declaration from this honorable Court that ownership of that 2019 Freightliner/FDSV motorcoach, bearing vehicle identification number 4UZACGFC2KCLN3018, (the "subject vehicle"), is now owned by and legally vested in Plaintiff WALTER C. SAENZ, pursuant to that statutory recovery and re-titling of the subject vehicle by the Texas DMV, at request of Plaintiffs;

B. Attorneys' fees of at least three thousand dollars ($3,000), or more, from Defendant U.S. BANK, N.A., through trial of this matter; and

C. Any other equitable remedy this Court may deem just that Plaintiffs may show themselves to be justly entitled.

## VII. DISCOVERY REQUESTS

Plaintiffs request that Defendant provide responses to those Requests for Disclosure, found in Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, within fifty (50) days of service of this petition.

## VIII. PRAYER

Plaintiffs pray that Defendant be required to appear and answer herein, that judgment be entered against Defendant, that Defendant be required to pay all costs of court as well as pre- and post-judgment interest and all such further relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

THE BARCLAY LAW FIRM

By: /s/ Byron K. Barclay

Byron K. Barclay
State Bar No: 01720350
705 Chelsea Boulevard
Houston, Texas 77006-6205
Telephone: (713) 224-2334
Facsimile: (713) 758-0253
Email: BKBarclay@Lawyer.com
ATTORNEY FOR PLAINTIFF
WALTER C. SAENZ and
WCS LEASING, L.L.C. d/b/a
MARS RECOVERY