# EXHIBIT F

## U.S. BANK RECREATION FINANCE NATIONAL PROMISSORY NOTE AND SECURITY AGREEMENT

| BORROWER(S): | LENDER: |
|---|---|
| Name(s): ROBERT KRAJICEK II | Name: U.S. Bank N.A. |
| Address: 2295 CHESTERFIELD CIRCLE | Address: 1850 Osborn Avenue, Oshkosh, WI 54902 |
| LAKELAND, FL 33803 | DATE: 10/03/2019 |

PROMISE TO PAY AND PAYMENT TERMS. This Promissory Note and Security Agreement ("Note") governs your loan with U.S. Bank N.A. ("LENDER"). By signing below, you agree to all terms and conditions of this Note and acknowledge receipt of these documents. BORROWER(S) means everyone who signs below as a borrower, jointly and severally. "You" and "your" refer to BORROWER(S) while "we," "us," and "our" refer to LENDER. THIS NOTE IS MADE AND ENTERED INTO IN OHIO, AND YOU AGREE THAT IT IS GOVERNED BY THE LAWS OF THE STATE OF OHIO AND APPLICABLE FEDERAL LAW. You promise to pay us the principal amount of $ 283,519.59 , plus finance charges accruing on the unpaid balance at the rate of 4.99 % per year until paid in full. Finance charges accrue on a 365-day basis (366 days in a leap year). You agree to pay this Note according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES (below). You also agree to pay any additional amounts according to the terms and conditions of this Note.

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE. The cost of your credit as a yearly rate. | FINANCE CHARGE. The dollar amount the credit will cost you. | Amount Financed. The amount of credit provided to you or on your behalf. | Total of Payments. The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 4.99 % | $ 165,170.01 | $ 283,519.59 | $ 448,689.60 |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 240 | $ 1,869.54 | Monthly, beginning on 11/2/2019 |
| N/A | $ N/A | NOT APPLICABLE |

Security. You are giving a security interest in the Collateral being purchased with the loan proceeds.
Prepayment. You may pay off this Note early. If you pay off this Note within 36 months of the date of this Note, you will have to pay a prepayment penalty equal to the greater of 1% of the principal balance at the time of prepayment or $75, but no more than $200.
Late Charge. If all or any portion of any payment is not received within 10 days after its due date, a late charge will be assessed in the amount of $25.
Note Document. See the terms and conditions of this Note for any additional information about nonpayment, default, any required repayment in full before the scheduled due date, and prepayment refunds and penalties.

### ITEMIZATION OF AMOUNT FINANCED

| | | | | |
|---|---|---|---|---|
| 1. Amount given to you directly | | | $ | N/A |
| 2. Amount paid on your account | | | $ | N/A |
| 3. Amounts paid to others on your behalf | | | | |
| (A) Amount paid to Public Officials | | | $ | 5,313.24 |
| (B) Amount paid to General R.V. Center, Inc. Tampa | for | Purchase of Collateral | $ | 266,487.75 * |
| (C) Amount paid to State of FL | for | Doc Stamps | $ | 992.60 * |
| (D) Amount paid to CORNERSTONE | for | Vehicle Service Contract | $ | 8,531.00 * |
| (E) Amount paid to Platinum Ultimate Plus | for | Paint Protection | $ | 2,195.00 * |
| (F) Amount paid to N/A | for | N/A | $ | N/A * |
| (G) Amount paid to N/A | for | N/A | $ | N/A * |
| (H) Amount paid to N/A | for | N/A | $ | N/A * |
| 4. Amount Financed (Sum of Items 1 through 3) | | | $ | 283,519.59 |

* Lender may retain a portion of these amounts.

NOTICE FOR FLORIDA ONLY. Florida documentary stamp tax required by law in the amount of $ 992.60 has been paid or will be paid directly to the Department of Revenue. Certificate of registration No. 310841368-004.

FOR WISCONSIN RESIDENTS ONLY:

MARITAL PURPOSE: If you are married the obligation evidenced by this Note is being incurred in the interest of your marriage or family.
X _____N/A_____  X _____N/A_____

MARITAL INFORMATION: You are ☐ married ☐ unmarried or ☐ legally separated. If you are married and your spouse is not signing this Note the name of your spouse is _____N/A_____. Your spouse resides at: ☐ your address shown above; ☐ _____N/A_____

NON-BORROWER SPOUSE: The undersigned is married to the Borrower signing this Note, actually knows of the credit extended under this Note, and waives any notice of this extension of credit. X _____N/A_____ X _____N/A_____

NOTICE TO BORROWER: (a) DO NOT SIGN THESE LOAN DOCUMENTS BEFORE YOU READ THE WRITING ON ALL FOUR PAGES, EVEN IF OTHERWISE ADVISED. (b) DO NOT SIGN THIS IF IT CONTAINS ANY BLANK SPACES. (c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN. (d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THE LOAN DOCUMENTS.

EACH BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS NOTE.

_____/s/ Robert Krajicek_____  X _N/A_
BORROWER  CO-BORROWER

NOTICE: SEE ALL FOUR PAGES FOR IMPORTANT INFORMATION AND ADDITIONAL TERMS AND CONDITIONS WHICH ARE PART OF THIS NOTE.

## PROMISSORY NOTE AND SECURITY AGREEMENT (continued)

**CREDIT INSURANCE.** You are not required to buy any of the optional credit insurance listed below to enter into the loan and your failure to do so will not be a factor in the approval of this extension of credit. These products will not be provided unless you sign below and are accepted by the provider. If you sign below, you have received a notice of the terms of the product, you want to obtain the product, and you agree to pay the premium or charge shown.

Credit Insurance.

| Type | Term | Cost | | | |
|---|---|---|---|---|---|
| Single Credit Life | N/A | $ N/A | You ☐ do | ☒ do not | want single credit life insurance. |
| Single Credit Disability | N/A | $ N/A | You ☐ do | ☒ do not | want single credit disability insurance. |
| Joint Credit Life | N/A | $ N/A | You ☐ do | ☒ do not | want joint credit life insurance. |

| X    N/A | N/A | X    N/A | N/A |
|---|---|---|---|
| Borrower Signature | Date of Birth | Co-Borrower Signature | Date of Birth |

**SECURITY AGREEMENT.** To secure payment of this Note and performance of your obligations under this Note, you grant us a security interest in the Collateral described below plus any accessories, equipment and replacement parts installed in the Collateral, any accessions to the Collateral and the proceeds of the Collateral.

Collateral. Specify type: ☐ boat trailer; ☒ recreational vehicle; ☐ marine vessel; ☐ engine no. 1; ☐ engine no. 2; ☐ engine no. 3.
marine vessel    marine vessel    marine vessel

Year: 2019    Make: DISCOVERY    Model: 38F    Serial/Identification Number: [redacted] 3018
Year: N/A    Make: N/A    Model: N/A    Serial/Identification Number: N/A
Year: N/A    Make: N/A    Model: N/A    Serial/Identification Number: N/A
Year: N/A    Make: N/A    Model: N/A    Serial/Identification Number: N/A
Year: N/A    Make: N/A    Model: N/A    Serial/Identification Number: N/A

You will not use or permit the Collateral to be used: (1) for any improper or illegal purpose, or to commit any illegal act; (2) to transport passengers or goods for hire; (3) in a way that causes the cancellation or suspension of any applicable insurance or manufacturer's warranty; (4) (a) outside of its home slip and dock for more than 120 consecutive days if the Collateral is a state-titled marine vessel (including marine vessel engines), or (b) outside of its hailing port for more than 120 consecutive days if the Collateral is a United States Coast Guard documented marine vessel (including marine vessel engines), without our prior written approval; (5) (a) outside of the United States for any period of time if the Collateral is a boat trailer or recreational vehicle, or (b) outside of the territorial waters of the continental United States for any period of time, except that the Collateral may be used in the territorial waters of the Bahamas or any country that is contiguous to the continental United States for a period not to exceed fifteen (15) consecutive days and only with property insurance, if the Collateral is a marine vessel or marine vessel engine(s); (6) for any use not recommended by the manufacturer; or (7) if a license is required to operate the collateral, by an unlicensed operator. You will not allow any lien or encumbrance to attach to the Collateral. You will deliver the Collateral to such location that we require for our inspection at any time during the term of this Note.

**FINANCE CHARGE.** This is a simple interest note. The Finance Charge is figured on a 365-day simple interest basis by applying the ratio of the Annual Percentage Rate over 365 (366 in a leap year) multiplied by the outstanding principal balance and multiplied by the actual number of days the principal balance is outstanding. Your actual Finance Charge will depend on your payment patterns. The actual Finance Charge may be more than the Finance Charge disclosed on page one of this Note if you make your payments later than the scheduled dates or in less than the scheduled amount. Payments will be applied first to the earned Finance Charge and then to the unpaid Amount Financed. You may prepay this Note at any time. If you prepay this Note within 36 months of the date of this Note, you will pay us a prepayment penalty in the amount of $75 or 1% of the outstanding principal balance, whichever is greater. In no event will the prepayment penalty be more than $200.

**INSURANCE.** You agree to obtain, pay for and maintain insurance for the term of this Note against loss of or damage to the Collateral with a policy acceptable to us. This policy may be obtained through an existing policy of insurance owned or controlled by you or from an insurer and agent of your choice that is authorized to sell such insurance and is reasonably acceptable to us. The insurance you maintain will include comprehensive fire, theft, hull damage, marine disaster, and collision coverage (as applicable), insuring the Collateral in an amount sufficient to cover the Collateral's actual cash value with a maximum deductible of $1,000 or 2% of the Amount Financed, whichever is greater. You must name us as loss payee. You must provide us with a copy of your insurance policy acceptable to us within 30 days after the date of this Note and thereafter upon request. You agree to assign the proceeds of any insurance to us to the extent of the debt you owe and agree that the insurance company may pay us directly. You agree that we have an irrevocable power of attorney to file proofs of loss and anything else necessary to obtain the insurance proceeds in your name, including without limitation, the right to endorse your name on any insurance draft, check or instrument. If the Collateral is stolen, lost, damaged or destroyed, we can use any insurance settlement either to repair the Collateral or to apply to your debt. Whether or not collateral insured you will pay use all you owe under this Note even if the Collateral is stolen, lost or damaged, or destroyed. Liability Insurance coverage for bodily injury and property damage caused to others is not included as part of this Note.

---

**NOTICE**

You are required to maintain insurance on the Collateral to protect our interest. If you fail to maintain the required insurance, or fail to provide us with evidence of insurance, you understand and agree to the following: (1) We may, but are not required to, place insurance on the Collateral to protect our interest, which will not cover your interest in the Collateral; (2) The insurance we provide may be written by a company other than one you would choose and may be written at a rate that is higher than the rate you could obtain if you purchased the insurance; and (3) you will pay for the costs of any Collateral insurance we provide.

---

**DEFAULT.** To the extent permitted by state law, you will be in default under this Note if any of the following things happen: (1) You fail to make any payment in full or fail to pay any other charge; (2) You break any promise or condition made in this Note or in any other agreement you have with us; (3) You fail to keep required insurance in force; (4) You give us false or misleading information on your application or any other document; (5) You die, are declared incompetent, become insolvent, file a bankruptcy petition, have a bankruptcy petition filed against you or dissolve or cease active business affairs, as applicable; (6) the Collateral is seized, confiscated or levied upon by governmental or legal process; (7) the Collateral is destroyed, stolen or damaged beyond repair; (8) if a license is required to operate the Collateral, your license is revoked; (9) if the Collateral is not maintained in a condition acceptable to us; (10) if you fail to pay any taxes which may be levied upon the Collateral; or (11) anything else happens that we reasonably believe in good faith endangers the Collateral or your ability to pay.

## PROMISSORY NOTE AND SECURITY AGREEMENT (continued)

**REMEDIES FOR DEFAULT.** If you are in default under this Note, we may take any one or more of the following actions, to the extent not prohibited by state law: (1) Terminate this Note and declare the entire unpaid debt immediately due and payable, if allowed by law; (2) Take possession of the Collateral without prior demand, unless otherwise required by law. We may take any personal property that is in or on the Collateral when we take it. We will hold the personal property for you for 10 days, but we will neither be responsible for safekeeping such property nor be required to notify you about it. If you do not pick up the property within that time, we may dispose of it in any way we determine; (3) Take any reasonable action to correct the default or to prevent our loss. You agree to reimburse us for any amounts we pay to correct or cover your default; (4) Require you to return the Collateral and any related records or make them available to us in a reasonable manner; (5) Make a claim for any and all insurance or service contract benefits or refunds that may be available on your default or on the termination of the Note and apply any amount received to the amount you owe; or (6) Use any remedy we have at law or in equity.

If you make any payment after we have demanded payment of the entire balance due, your payment will be applied to the unpaid balance. Your debt will be the unpaid balance of the amount financed, plus accrued finance charges, unpaid late charges, collection costs, and all other amounts due to us under this Note. If the net proceeds of the Collateral sold do not pay your indebtedness in full, you will pay us the difference, plus interest at the Annual Percentage Rate until paid in full.

**ADDITIONAL DEFAULT REMEDIES** *(Louisiana only)*. If you fail to make two consecutive monthly payments, or fail to make a payment for 60 days if your scheduled payments are more frequent than monthly, we may have additional remedies as provided in the Louisiana Additional Default Remedies Act.

**CONFESSION OF JUDGMENT** *(Louisiana only)*. You confess judgment in favor of us for the full amount of this Note for purposes of Louisiana's executory process procedures.

**WAIVER** *(Louisiana only)*. To the extent permitted under applicable law, you waive: A. The benefit of appraisal as provided under Articles 2332, 2336, 2723 and 2724 of the Louisiana Code of Civil Procedure, and all other laws with regard to appraisal upon judicial sale; B. The notice of seizure provided under Article 2293 of the Louisiana Code of Civil Procedure; C. The 3 days' delay provided under Articles 2331 and 2722 of the Louisiana Code of Civil Procedure; and D. All other provisions provided under Articles 2331, 2722 and 2723 of the Louisiana Code of Civil Procedure and all other Articles not specifically mentioned above.

**KEEPER** *(Louisiana only)*. You authorize us to appoint a keeper of the vehicle under La.R.S. §§ 9:5136 through 9:5140.2 if the vehicle is taken from you through legal proceedings. You authorize us to appoint ourselves or someone else we choose as keeper.

**SET-OFF.** You agree that we may set off any amount due and payable under this Note against any right you have to receive money from us. "Right to receive money from us" means (1) any deposit account balance you have with us; (2) any money owed to you on an item presented to us or in our possession for collection or exchange; and (3) any repurchase agreement or other non-deposit obligation. "Any amount due or payable under this Note" means the total amount of which we are entitled to demand payment under the terms of this Note at the time we set off. This total includes any balance the due date for which we properly accelerate under this Note. If your right to receive money from us is also owned by someone who has not agreed to pay this Note, our right to set-off will apply to your interest in the obligation and to any other amounts you could withdraw on your sole request or endorsement. Our right to set-off does not apply to an account or other obligation where your rights arise only in a representative capacity. It also does not apply to any Individual Retirement Account or other tax-deferred retirement account. We will not be liable for the dishonor of any check when the dishonor occurs because we set off this debt against any of your accounts. You agree to hold us harmless from any such claims arising as a result of our exercise of our right to set-off.

**RETURNED INSTRUMENT CHARGE.** If you make a payment by check, draft, or order or other similar instrument which is returned to us unpaid for any reason, including, but not limited to, non-sufficient funds, you will pay a returned instrument charge assessed by the institution for processing a refused instrument plus a handling fee of not more than $29. The returned instrument charge may be added, without notice, to your outstanding balance under this Note and accrue interest at the Annual Percentage Rate.

**LIMITED POWER OF ATTORNEY.** You authorize us to act as your attorney-in-fact to satisfy your obligations under this Note and as permitted by applicable law. This authority includes, but is not limited to, the following: (1) making and settling insurance claims on your behalf relating to the Collateral; and (2) executing any documents necessary to perfect our lien on the Collateral.

**ARBITRATION.** You agree that if a dispute of any kind arises out of this agreement, either you or we can choose to have that dispute resolved by binding arbitration. If arbitration is chosen by any party, neither you nor we will have the right to litigate that claim in court or to have a jury trial on that claim, or to engage in pre-arbitration discovery, except as provided for in the arbitration rules. In addition, you will not have the right to participate as a representative or member of any class of claimants pertaining to any claim subject to arbitration. The Arbitrator's decision will generally be final and binding. Other rights that you would have if you went to court may also not be available in arbitration. It is important that you read this entire arbitration provision carefully before accepting the terms of this agreement.

Any claim, dispute or controversy (whether in contract, regulatory, tort, or otherwise, whether pre-existing, present or future and including constitutional, statutory, common law, intentional tort and equitable claims) arising from or relating to (a) the credit or services offered or provided to you, (b) the actions of you, us or third parties or (c) the validity of this arbitration provision (individually and collectively, a "Claim") must, after an election by you or us, be resolved by binding arbitration in accordance with this arbitration provision and the Commercial Arbitration Rules of the American Arbitration Association ("AAA") in effect when the Claim is filed (or, in the event this arbitrator or these arbitration rules are no longer available, then a comparable substitute arbitration procedure and/or arbitration organization that does business on a nationwide basis). There shall be no authority for any Claims to be arbitrated on a class action basis. An arbitration can only decide our or your Claim and may not consolidate or join the claims of other persons who may have similar claims. You may obtain rules and forms by calling the AAA at 800-778-7879. Any arbitration hearing that you attend will take place in the federal judicial district where you reside. At your request, we will advance the first $250 of the filing and hearing fees for any Claim you may file against us; the arbitrator will decide whether we or you will ultimately pay those fees. The arbitrator shall apply applicable substantive law consistent with the Federal Arbitration Act and applicable statutes of limitations, and shall honor claims of privilege recognized at law. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. This arbitration provision shall survive repayment of your extension of credit and termination of your account. This arbitration provision shall be governed by the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq. If any provision of this Section is ruled invalid or unenforceable, this Section shall be rendered null and void in its entirety.

U.S. Bank Recreation Finance   2-Party Contract RV/Marine Multi-State 30761 11/16   Page 3 of 4

## PROMISSORY NOTE AND SECURITY AGREEMENT (continued)

OTHER TERMS. Each person who signs this Note as BORROWER is jointly and severally liable under this Note. Each person who signs this Note as BORROWER is fully liable for all payments, whether or not we try to collect from the other signers. Each BORROWER, including co-maker, co-signer, surety, endorser or guarantor, individually and jointly, waives presentment, demand, protest or notice and any notice that we are demanding payment in full of the entire outstanding balance because of default or for any other reason. You cannot assign, sell, give a security interest in or arrange an assumption of your interests or rights under this Note or in the Collateral. We can assign the Note to another party, who will have all our rights. **If this Note is sold or otherwise transferred, your rights under the law or under this Note are in no way altered or impaired.** If any provision in this Note is held to be unenforceable, void, illegal or otherwise against applicable law, the other provisions shall survive and be enforceable separately from any voided provisions. We do not give up any of our rights by delaying or failing to exercise them on any one or more occasions.

If you are a resident of Maryland, this Note is made subject to the applicable provisions of Subtitle 10 of Title 12 of the Commercial Law Article of the Maryland Code.

EXPRESS CONSENT TO CONTACT YOU. By providing us with a telephone number for a cellular phone or other wireless device, you are expressly consenting to receiving communications at that number - including but not limited to prerecorded or artificial voice message calls, text messages, and calls made by an automatic telephone dialing system - from U.S. Bank and its affiliates and agents. This express consent applies to each such telephone number that you provide to us now or in the future and permits such calls regardless of their purpose. These calls and messages may incur access fees from your cellular provider.

TRANSFERABLE RECORD. This Note is a "transferable record" as defined in applicable law relating to electronic transactions. Therefore, the holder of this Note may, on behalf of the maker of this Note, create a microfilm or optical disk or other electronic image of this Note that is an authoritative copy as defined in such law. The holder of this Note may store the authoritative copy of such Note in its electronic form and then destroy the paper original as part of the holder's normal business practices. The holder, on its own behalf, may control and transfer such authoritative copy as permitted by such law.

INFORMATION REPORTED TO CONSUMER REPORTING AGENCIES. Under the Fair Credit Reporting Act, you have the right to notify us if you believe we have reported inaccurate information about your account to any Consumer Reporting Agency. Such notices should be sent in writing and include your complete name, current address, Social Security Number, telephone number, account number, type of account, specific item of dispute and the reason why you believe the information reported is in error. You must send your notice to the LENDER at the address on page one of this Note.

**Important: Read before signing. The terms of this Note should be read carefully because only those terms in writing are enforceable. No other terms or oral promises not contained in this Note may be legally enforced. You may change the terms of this Note only by another written agreement signed by you and us. This Note is a final expression of the credit agreement between you and us. This Note may not be contradicted by evidence of any prior oral credit agreement or of a contemporaneous oral credit agreement between you and us. Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable. To protect you and us from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this Note, which is the complete and exclusive statement of the agreement between you and us, except as you and we may later agree in writing to modify it.**

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF THE GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

