**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **WALTER C. SAENZ, ET AL.,** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:21-cv-00661** |
| | § | |
| **U.S. BANK, N.A.,** | § | |
| | § | |
| *Defendant*. | § | |

---

**DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S
MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

---

Respectfully submitted,

/s/ *Elizabeth Hayes*

**Marc D. Cabrera**
State Bar No. 24069453
Southern Bar No. 1093318
mcabrera@polsinelli.com
**Elizabeth Hayes**
State Bar No. 24069001
Southern Bar No. 2964103
ehayes@polsinelli.com
**POLSINELLI PC**
2950 N. Harwood Street, Suite 2100
Dallas, TX 75201
T: (214) 397-0030
F: (214) 397-0033

**ATTORNEYS FOR U.S. BANK NATIONAL
ASSOCIATION**

## TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................1

II.    STATEMENT OF FACTS ...................................................................................1

        A.     The First Notice and Plaintiffs' Admissions That the Notice is Deficient ..............2

        B.     Abandoned Vehicle Report...............................................................................2

        C.     The Second Notice and Plaintiffs' Admissions That the Notice is Deficient..........3

        D.     Non-Public and Otherwise Invalid Sale of the RV ................................................3

        E.     Lawsuit & Verified Counterclaim ..........................................................................4

III.    STATEMENT OF ISSUES .................................................................................4

IV.    SUMMARY OF ARGUMENT ...........................................................................4

V.    ARGUMENTS AND AUTHORITIES................................................................5

        A.     Applicable Standard................................................................................................5

        B.     U.S. Bank is Entitled to Summary Judgment Dismissing the Declaratory Judgment Claim ...................................................................................................7

                1.     Plaintiffs Assert No Causes of Action Against U.S. Bank .........................8

                2.     Plaintiffs Failed to Follow the Mandatory Requirements of the Act Before the Sale of the RV, Thereby Precluding Their Declaratory Judgment Claim ...................................................................................8

                    i.     The First Notice is Not Valid and/or Effective under the Act .........9

                        a.     Incorrect Vehicle Acceptance Storage Date ..................... 10

                        b.     Missing Preceding Language............................................ 11

                     ii.     The Second Notice is Not Valid and/or Effective under the Act...12

                    iii.     The RV was Not Abandoned Under the Act .................................14

                    iv.     The Sale of the RV and Instruments Related Thereto are Not Valid ................................................................................................15

        C.     Mars Recovery Lacks Standing to Assert any Claims Relating to the RV............18

        D.     U.S. Bank is Entitled to Summary Judgment Dismissing Plaintiffs' Defenses.....18

IV.    CONCLUSION...................................................................................................20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ............................................................................................6

*Broyles v. Chase Home Fin.*,
   No. 3:10-CV-2256-G, 2011 WL 1428904 (N.D. Tex. Apr. 13, 2011) ..................7, 8

*Cannon v. JPMorgan Chase Bank, N.A.*,
   No. 4:11-cv-458, 2011 WL 6838615 (E.D. Tex. Nov. 16, 2011) ...........................7

*Cantu v. City of Corpus Christi, Texas*,
   No. 2:15-CV-71, 2017 WL 841117 (S.D. Tex. Mar. 1, 2017) ................................7

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) .........................................................................................5, 6

*Childs v. Thousand Oaks at Austin Ranch*,
   No. 3:15-CV-2303-D, 2016 WL 4800339 (N.D. Tex. Sept. 14, 2016) ................5, 6

*Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*,
   915 F.2d 167 (5th Cir. 1990) ...........................................................................7, 8

*Consol. Cos., Inc. v. Union Pacific R.R. Co.*,
   499 F.3d 382 (5th Cir. 2007) ...............................................................................18

*Cox v. Bank of Am., N.A.*,
   No. CV H-16-2624, 2017 WL 1622043 (S.D. Tex. May 2, 2017) ...........................6

*Cross v. Cummins Engine Co.*,
   993 F.2d 112 (5th Cir. 1993) .................................................................................6

*EEOC v. Chevron Phillips*,
   570 F.3d 606 (5th Cir. 2009) .................................................................................6

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
   528 U.S. 167 (2000) .............................................................................................18

*Inwood N. Homeowners' Ass'n, Inc. v. Meier*,
   625 S.W.2d 742 (Tex. App.—Houston [14th Dist.] 1981) .....................................9

*John Deloach Enterprises, Inc. v. Telhio Credit Union, Inc.*,
   582 S.W.3d 590 (Tex. App.—San Antonio 2019) ..................................................8

*Kazmi v. BAC Home Loans Servicing, L.P.*,
   No. 4:11-cv-375, 2012 WL 629440 (E.D. Tex. Feb. 3, 2012) .............................7, 8

*Lewis v. Casey*,
    518 U.S. 343 (1996)................................................................................................18

*Little v. Liquid Air Corp.*,
    37 F.3d 1069 (5th Cir. 1994) ................................................................................5

*Malibu Media, LLC v. Martin*,
    No. CV H-18-4425, 2019 WL 3802678 (S.D. Tex. Aug. 13, 2019) ......................19

*Matsushita Elec. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986)................................................................................................6

*Mitchell v. Hancock*,
    196 S.W. 694 (Tex. Civ.—Ft. Worth 1917) ..........................................................9

*Moses v. Fort Worth Indep. Sch. Dist.*,
    977 S.W.2d 851 (Tex. App.— Ft. Worth 1998) ....................................................9

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
    572 U.S. 663 (2014)..............................................................................................19

*Ragas v. Tenn. Gas Pipeline Co.*,
    136 F.3d 455 (5th Cir. 1998) ................................................................................6

*Raines v. Byrd*,
    521 U.S. 811 (1997)..............................................................................................18

*Reed v. City of Arlington*,
    650 F.3d 571 (5th Cir. 2011) ..............................................................................19

*Retractable Techs., Inc. v. Becton Dickinson & Co.*,
    842 F.3d 883 (5th Cir. 2016) ..............................................................................19

*RF Group, LLC v. Wells Fargo Bank, N.A.*,
    No. 4:16-CV-01339, 2018 WL 2335339 (S.D. Tex. Jan. 26, 2018)....................7, 8

*Sirius Computer Sols., Inc. v. Sparks*,
    138 F. Supp. 3d 821 (W.D. Tex. 2015)................................................................19

*Tesco Corp. v. Weatherford Int'l, Inc.*,
    904 F. Supp. 2d 622 (S.D. Tex. 2012) ..................................................................2

*Texas Department of Licensing and Regulation, Petitioner v. Lance Nicastro*
    *d/b/a Texas Wrecker Storage, Respondent*,
    2010 WL 2001591 (Tex. St. Off. Admin. Hgs. May 13, 2010)............................8

*Turner v. Baylor Richardson Med. Ctr.*,
    476 F.3d 337 (5th Cir. 2007) ................................................................................6

*United States Parole Comm'n v. Geraghty*,
   445 U.S. 388 (1980).........................................................................................................18

*Vela v. Shacklett*,
   1 S.W.2d 670 (Tex. App.—San Antonio 1927)...........................................................9

*Wigginton v. Bank of New York Mellon*,
   No. 3:10-CV-2128-G, 2011 WL 2669071 (N.D. Tex. Jul. 7, 2011).....................7, 8

**Statutes**

Federal Declaratory Judgment Act ..................................................................................7, 8

Tex. Gov. Code § 311.016(3) ...............................................................................................9

Tex. Occ. Code § 2303.151 ........................................................................................ passim

Tex. Occ. Code §  2303.153 ...................................................................................4, 10, 11, 12

Tex. Occ. Code § 2303.154 ........................................................................................ passim

Tex. Occ. Code § 2303.157(b)...........................................................................................17

Tex. Occ. Code § 2303.157 ........................................................................................ passim

Texas Theft Liability Act.......................................................................................................4

Tex. Transportation Code, Chapter 683.............................................................................12

**Other Authorities**

Fed. R. Civ. P. 12(b)(6).........................................................................................................4

Fed. R. Civ. P. 56(c) .............................................................................................................5

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant U.S. Bank National Association ("Defendant" or "U.S. Bank") files this Motion for Summary Judgment and Brief in Support ("Motion for Summary Judgment"), and respectfully shows the Court as follows:

## I.     INTRODUCTION

Plaintiffs Walter Saenz ("Mr. Saenz") and his towing company WCS Leasing, L.L.C. d/b/a Mars Recovery ("Mars Recovery") (collectively, "Plaintiffs") repeatedly admit that they did not comply with the pre-sale notice requirements of the Texas Vehicle Storage Facility Act (the "Act") before selling a motorhome that U.S. Bank had a lien on.  The notices themselves, which Plaintiffs attach to their amended complaint, further evidence that Plaintiffs did not comply with the mandatory pre-sale notice requirements of the Act before selling the motorhome to Mr. Saenz at an improper private sale.  Despite such, Plaintiffs nonetheless filed this ill-conceived action seeking declaratory relief that, among other things, the sale of the motorhome was valid and Mr. Saenz is the owner of the motorhome.  Plaintiffs' own admissions and the non-conforming notices belie the requests for declaratory relief and confirm that the sale was not valid.  Consequently, there is no genuine issue of material fact and U.S. Bank is entitled to judgment dismissing Plaintiffs' request for declaratory relief as a matter of law.

## II.     STATEMENT OF FACTS

Plaintiffs do not dispute that Robert Krajicek, II (the "Borrower") obtained a loan from U.S. Bank to purchase a 2019 Fleetwood Discovery Model 38F motorhome (the "RV"), evidenced by his execution of, among other things, a promissory note and security agreement, which granted U.S. Bank a security interest in the RV.  *See* Appx. 001-38, Ex. 1, First Amended Complaint ("Amended Complaint") ¶ 6; Appx. 040-47, Ex. 2, Plaintiff's Original Answer to U.S. Bank's Counterclaim ("Answer") ¶ 3; Appx. 049-93, Ex. 3, Original Verified Counterclaim

("Counterclaim") ¶ 6, its Ex. A.[1]  Plaintiffs also do not dispute the Borrower defaulted on his RV payment obligations and surrendered the RV at the RV Station in College Station, Texas.  *See* Appx. 003-4, Amended Complaint ¶ 7; Appx. 041, Answer ¶ 7; Appx.  051, Counterclaim ¶ 7. Thereafter, on October 16, 2020, the RV was towed to Mars Recovery's vehicle storage facility. *See* Appx. 003, Amended Complaint ¶ 8.

## A.   THE FIRST NOTICE AND PLAINTIFFS' ADMISSIONS THAT THE NOTICE IS DEFICIENT

On October 21, 2020, Mars Recovery mailed the first pre-sale notice attached to the Amended Complaint as Exhibit A (the "First Notice") to U.S. Bank advising it was in possession of the RV and storage charges were accruing.  *See* Appx. 011, Amended Complaint, Ex. A (proof of mailing for the First Notice containing "Actual Mail Date: 2020-10-21" and containing post mark of "Oct 21 2020").  Plaintiffs admit that the First Notice did not comply with the Act because it "did not have the correct date on which Plaintiffs accepted the vehicle, and failed to include Mars Recovery's facility license number." *See* Appx. 041, Answer ¶ 7 ("Plaintiffs do not dispute Defendant's allegations in paragraph 10 of its counterclaim that Plaintiffs' notice to Defendant U.S. BANK did not have the correct date on which Plaintiffs accepted the vehicle, and failed to include MARS RECOVERY's facility license number.").  Plaintiffs further admitted that the First Notice was deficient.  *See* Appx. 028, Amended Complaint, its Ex. D ("My client had advised that due to a deficient notice form, they will capitulate and turnover the subject vehicle.").

## B.   ABANDONED VEHICLE REPORT

On October 29, 2020, Plaintiffs allege that they reported the RV as abandoned to the Montgomery County Sheriff's Department. *See* Appx. 013, Amended Complaint ¶ 10, its Ex. B. The report, however, was made before 10 days had lapsed after the date the First Notice was sent

---

[1] The Answer and Counterclaim are verified and constitute competent summary judgment evidence. *See Tesco Corp. v. Weatherford Int'l, Inc.*, 904 F. Supp. 2d 622, 636 (S.D. Tex. 2012) ("Verified or sworn pleadings are competent summary judgment evidence").

to Defendant in violation of Section 2303.154(a) of the Act.  *Id.*

## C.    THE SECOND NOTICE AND PLAINTIFFS' ADMISSIONS THAT THE NOTICE IS DEFICIENT

On November 4, 2020, Mars Recovery mailed the second pre-sale notice attached to the Amended Complaint as Exhibit C (the "Second Notice") to U.S. Bank advising that it was still in possession of the RV and storage charges continued to accrue. *See* Appx. 017, Amended Complaint, its Ex. C (proof of mailing for the Second Notice containing "Actual Mail Date: 2020-11-4" and containing post mark of "Nov 4 2020"); *see also* Appx. 043, Answer ¶ 13 ("the second notice to Defendant U.S. Bank was . . . mailed November 4, 2020.").  Plaintiffs admit that the Second Notice did not comply with the Act because it "did not specifically reference Texas Occupations Code Section 2303.157."  *See* Appx. 042, Answer ¶ 10.  Plaintiffs further admitted that the Second Notice was deficient. *See* Appx. 028, Amended Complaint, its Ex. D ("My client had advised that due to a deficient notice form, they will capitulate and turnover the subject vehicle.").

## D.    NON-PUBLIC AND OTHERWISE INVALID SALE OF THE RV

On December 2, 2020, a representative for U.S. Bank spoke with Mr. Saenz regarding the RV and Mr. Saenz advised that no sale date had been set at that time, but the very next day, on December 3, 2020, the RV was sold to Mr. Saenz. *See* Appx. 079, Counterclaim ¶ 17, Ex. E; Appx. 043-44, Answer ¶ 14 (not denying and therefore admitting portion of Counterclaim ¶ 17 that on December 2, 2020, Mr. Saenz advised the U.S. Bank representative that no sale date had been set at that time, and that the RV was sold to Mr. Saenz on December 3, 2020); Appx.  043, Answer ¶ 13 (admitting that the RV "was sold to Mr. Saenz" and that "application for title is dated December 3, 2020"). Title to the RV was issued in the name of Mr. Saenz on December 11, 2020. *See* Appx. 080, Counterclaim, Ex. E. Plaintiffs, however, have no evidence that the RV was sold at a public sale, which is required under the Act.

E.    **LAWSUIT & VERIFIED COUNTERCLAIM**

In their Amended Complaint, Plaintiffs seek declaratory relief that: the First Notice and Second Notice are valid and/or effective under the Act; the RV was abandoned under the Act; the sale of the RV and the instruments related thereto are valid; Mr. Saenz is the owner of the RV; and U.S. Bank is not entitled to possession of the RV. *See* Appx. 006, Amended Complaint ¶ 18.  U.S. Bank filed a Counterclaim against Plaintiffs for fraud/misrepresentation, conversion, unjust enrichment, quiet title, violations of the Texas Theft Liability Act and Vehicle Storage Facility Act, breach of contract, and seeking a declaratory relief.  *See* Appx. 049-93, Counterclaim.

## III.   <u>STATEMENT OF ISSUES</u>

Whether U.S. Bank is entitled to summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure dismissing Plaintiffs' request for declaratory relief and defenses.

## IV.   <u>SUMMARY OF ARGUMENT</u>

Defendant is entitled to summary judgment dismissing the declaratory judgment claims because a request for declaratory relief is remedial in nature and dependent upon the assertion of a viable cause of action, but Plaintiffs do not assert any causes of action against U.S. Bank.  The request for a declaration that the First Notice is valid and/or effective under the Act should be dismissed because the summary judgment evidence shows that the notice does not contain the mandatorily required date the RV was accepted for storage required under Section 2303.153(a)(1) and the facility license number preceded by "Texas Department of Licensing and Regulation Vehicle Storage Facility License Number" or "TDLR VSF Lic. No." required under Section 2303.153(a)(7), both of which Plaintiffs admit.  The request for a declaration that the Second Notice is valid and/or effective under the Act should likewise be dismissed because the summary judgment evidence shows the notice does not contain the mandatorily required statement of Mars Recovery's right to dispose of the RV under Section 2303.157, which Plaintiffs admit.  The request

for a declaration that the RV was abandoned should be dismissed because the summary judgment evidence demonstrates that the RV was not abandoned when Plaintiffs reported it as abandoned and Plaintiffs did not comply with Section 2303.154(a) of the Act before the sale of the RV.  The request for a declaration that the sale of the RV is valid should be dismissed because the summary judgment evidence demonstrates that Plaintiffs were not entitled to sell the RV under the Act because the First Notice and Second Notice were not effective under the Act, the sale of the RV was premature because 30 days had not expired since the Second Notice was mailed at the time of the sale, and Plaintiffs have no evidence the RV was sold at a public sale.  Additionally, Mars Recovery lacks standing to assert any claims because it is not the purported owner of the RV. Based on Plaintiffs' exhibits attached to the Amended Complaint and their own admissions, there are no genuine issues of material fact and Defendant is entitled to summary judgment dismissing the requested declaratory relief.  Defendant is also entitled to summary judgment dismissing Plaintiffs' defenses on no evidence grounds and/or because they do not apply.

## V.      ARGUMENTS AND AUTHORITIES

### A.      APPLICABLE STANDARD

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  The moving party has the burden of demonstrating that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the nonmovant bears the burden of proof at trial, the movant need only point to the absence of evidence to support an essential element of the nonmovant's case; the movant does not have to support its motion with evidence negating the nonmovant's case.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see also Childs v. Thousand Oaks at Austin Ranch*, No. 3:15-CV-2303-D,

2016 WL 4800339, at *2 (N.D. Tex. Sept. 14, 2016) (Appx. 159-165) ("When a party moves for summary judgment on a claim on which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the opposing party's claim.").  If the movant succeeds, the nonmovant must come forward with evidence "such that a reasonable party could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The nonmovant "must come forward with 'specific facts showing there is a genuine issue for trial.'" *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"A factual dispute is deemed 'genuine' if a reasonable juror could return a verdict for the nonmovant, and a fact is considered 'material' if it might affect the outcome of the litigation under the governing substantive law." *Cross v. Cummins Engine Co.*, 993 F.2d 112, 114 (5th Cir. 1993). "The opposing party's failure to produce proof as to any essential element of a claim renders all other facts immaterial." *Childs*, 2016 WL 4800339, at *2 (Appx. 160-61).  Summary judgment is mandatory if the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322-23; *see also Childs*, 2016 WL 4800339, at *2 ("Summary judgment is mandatory if the opposing party fails to meet this burden.") (Appx. 160-61). The nonmovant "cannot defeat summary judgment with conclusory, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).  A "district court may not make credibility determinations or weigh evidence when deciding a summary judgment motion." *EEOC v. Chevron Phillips*, 570 F.3d 606, 612 n. 3 (5th Cir. 2009).  Nor does the court have to sift through the record in search of evidence to support opposition to summary judgment. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

Moreover, "[w]here the allegations in the complaint are contradicted by facts established

by documents attached as exhibits to the complaint, the court may properly disregard the allegations." *Cox v. Bank of Am., N.A.*, No. CV H-16-2624, 2017 WL 1622043, at *2 (S.D. Tex. May 2, 2017) (Appx. 110-114). "When an exhibit to the complaint contradicts the complaint, the exhibit not the allegation controls." *Cantu v. City of Corpus Christi, Texas*, No. 2:15-CV-71, 2017 WL 841117, at *3 (S.D. Tex. Mar. 1, 2017) (Appx. 101-109).

**B.      U.S. BANK IS ENTITLED TO SUMMARY JUDGMENT DISMISSING THE DECLARATORY JUDGMENT CLAIM**

Plaintiffs seek the following declarations from the Court: the First Notice and Second Notice are valid and/or effective under the Act; the RV was abandoned under the Act; the sale of the RV and the instruments related thereto are valid; Mr. Saenz is the owner of the RV; and Defendant is not entitled to possession of the RV. *See* Amended Complaint ¶ 18 (Appx 006).

The Federal Declaratory Judgment Act "is a procedural device that creates no substantive rights and requires the existence of a justiciable controversy." *Cannon v. JPMorgan Chase Bank, N.A.*, No. 4:11-cv-458, 2011 WL 6838615, at *6 (E.D. Tex. Nov. 16, 2011) (Appx. 094-100). A request for declaratory judgement, however, "is not a cause of action and thus cannot stand alone." *RF Group, LLC v. Wells Fargo Bank, N.A.*, No. 4:16-CV-01339, 2018 WL 2335339, (S.D. Tex. Jan. 26, 2018) (citing *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170-171 (5th Cir. 1990)) (Appx. 132-135). Indeed, a request for declaratory relief is remedial in nature and dependent upon the assertion of a viable cause of action. *See Collin County,* 915 F.2d at 170-171; *Wigginton v. Bank of New York Mellon*, No. 3:10-CV-2128-G, 2011 WL 2669071, at *5 (N.D. Tex. Jul. 7, 2011) (declining to consider request for declaratory relief because plaintiff failed to plead any cognizable claim against defendants) (Appx. 147-152); *Kazmi v. BAC Home Loans Servicing, L.P.*, No. 4:11-cv-375, 2012 WL 629440, at *15 (E.D. Tex. Feb. 3, 2012) (plaintiffs were not entitled to declaratory relief because they had no viable cause of action) (Appx. 115-126); *Broyles v. Chase Home Fin.*, No. 3:10-CV-2256-G, 2011

WL 1428904, at *5 (Appx. 153-158) (N.D. Tex. Apr. 13, 2011) (request for declaratory relief denied because plaintiffs failed to plead any cognizable claim against defendant).

1.    **Plaintiffs Assert No Causes of Action Against U.S. Bank**

U.S. Bank is entitled to summary judgment dismissing Plaintiffs' request for declaratory relief because Plaintiffs do not assert any causes of action against U.S. Bank. A request for declaratory relief is remedial in nature and dependent upon the assertion of a viable cause of action. *See Collin County,* 915 F.2d at 170-171; *Wigginton*, 2011 WL 2669071, at *5 (Appx. 151); *Kazmi*, 2012 WL 629440, at *15 (Appx. 125); *Broyles*, 2011 WL 1428904, at *5 (Appx. 157). Indeed, a request for declaratory relief "is not a cause of action and thus cannot stand alone." *RF Group, LLC*, 2018 WL 2335339, at * 3 (Appx. 134). Because they have not asserted any causes of action against U.S. Bank, Plaintiffs are not entitled to any relief under the Federal Declaratory Judgment Act and their request for a declaratory judgment should be dismissed. Consequently, U.S. Bank is entitled to summary judgment dismissing the requested declaratory relief.

2.    **Plaintiffs Failed to Follow the Mandatory Requirements of the Act Before the Sale of the RV, Thereby Precluding Their Declaratory Judgment Claim**

The requirements of Section 2303 of the Texas Occupations Code (the Vehicle Storage Facility Act) are mandatory. *See, e.g., John Deloach Enterprises, Inc. v. Telhio Credit Union, Inc.*, 582 S.W.3d 590, 599 (Tex. App.—San Antonio 2019) ("The trial court concluded the language of section 2303.151, stating that the 'operator of a vehicle storage facility who receives a vehicle that is registered in this state and that is towed to the facility for storage *shall* send written notice to the registered owner *and* the primary lienholder' imposed a **mandatory duty** on Bexar Storage to provide written notice to Telhio, the primary lienholder.") (emphasis in original and added); *Texas Department of Licensing and Regulation, Petitioner v. Lance Nicastro d/b/a Texas Wrecker Storage, Respondent*, 2010 WL 2001591, at *7 (Tex. St. Off. Admin. Hgs. May 13, 2010) ("The only certified letter received by Mr. Elender was the October 22, 2007 letter which did not

include the date the vehicle was accepted for storage . . . Respondent violated Tex. Occ. Code Ann. §§ 2303.151(a) and, 2303.153(a), which requires that Respondent provide proper written notice . . . .") (Appx. 143).  Further, it has long been established in Texas law that "must" is mandatory language in statutory construction.  *See Mitchell v. Hancock*, 196 S.W. 694, 700 (Tex. Civ.—Ft. Worth 1917) ( "'[S]hall' or 'must' is of mandatory effect…"); *Vela v. Shacklett,* 1 S.W.2d 670, 672 (Tex. App.—San Antonio 1927) ("[T]he word "must," … is purely mandatory…"); *Inwood N. Homeowners' Ass'n, Inc. v. Meier*, 625 S.W.2d 742, 743 (Tex. App.—Houston [14th Dist.] 1981) ("(T)he ordinary meaning of 'shall' or 'must' is of mandatory effect."); *Moses v. Fort Worth Indep. Sch. Dist.,* 977 S.W.2d 851, 853 (Tex. App.— Ft. Worth 1998) ("The terms 'must' and 'shall' are synonymous and are usually mandatory when used in statutes.").  Moreover, Texas Government Code Section 311.06 specifically states "'[m]ust' creates or recognizes a condition precedent" for use in statutory construction. Tex. Gov. Code § 311.016(3).

### i.        The First Notice is Not Valid and/or Effective under the Act

Pursuant to Section 2303.151 of the Act, the operator of a vehicle storage facility who receives a vehicle that is towed to the facility for storage is required to send a written notice to the owner and lienholder of the vehicle not later than the fifth day (or fourteenth day if the vehicle is registered out of state) after the date but not earlier than 24 hours after the operator received the vehicle.  Tex. Occ. Code, Title 14, Subchapter D, 2303.151(a)-(b).  Among other things, the "notice . . . provided under Section 2303.151 **must** include: . . . (1) the date the vehicle was accepted for storage; . . . and (7) the facility license number **preceded by** "Texas Department of Licensing and Regulation Vehicle Storage Facility License Number" or "TDLR VSF Lic. No." Tex. Occ. Code, Title 14, Subchapter D, 2303.153(a)(1), (a)(7) (emphasis added).

On October 16, 2020, the RV was towed to Mars Recovery's storage facility in Conroe, Texas.  *See* Appx. 004, Amended Complaint ¶ 8.  The First Notice was mailed to U.S. Bank on

October 21, 2020.  *See* Appx. 011 (proof of mailing for the First Notice containing "Actual Mail Date: 2020-10-21" and containing post mark of "Oct 21 2020").  The First Notice, however, does not comply with the mandatory requirements of Section 2303.151 of the Act, and as a result, is not a valid or effective Section 2303.151 pre-sale first notice.

### a.       Incorrect Vehicle Acceptance Storage Date

The summary judgment evidence demonstrates that the First Notice does not contain the date the vehicle was accepted for storage.  Section 2303.153(a)(1) states that a notice under 2303.151 "**must** include: . . . (1) the date the vehicle was accepted for storage."  Tex. Occ. Code, Title 14, Subchapter D, 2303.153(a)(1) (emphasis added).  However, the First Notice does not contain the date Mars Recovery accepted the RV for storage at its vehicle storage facility.  The date the RV was towed and accepted for storage was October 16, 2020 (*see* Appx 004, Amended Complaint ¶ 8), but the First Notice does not contain such date and instead reflects an incorrect "Impound Date" of October 20, 2020, which is not "the date" the RV was accepted for storage:

| VEHICLE INFORMATION | | |
|---|---|---|
| YEAR: 2019 | MAKE: FDSV | IMPOUND DATE: 10/20/2020 |
| | TAG: 259QJA | VIN: 4UZACGFC2KCLN3018 |
| COLOR: MULTICOLORED | BODY: MOTOR COACH (MOTOR HOME) | |

*See* Appx. 010, Amended Complaint, its Ex. A.

Moreover, Plaintiffs admit that the First Notice does not have the correct date on which Mars Recovery accepted the RV.  *See* Appx. 041, Answer ¶ 7 ("Plaintiffs do not dispute . . . that Plaintiffs' notice to Defendant U.S. Bank did not have the correct date on which Plaintiffs accepted the vehicle").  Consequently, the First Notice does not comply with and violates Section 2303.153(a)(1)'s requirement that such notice must contain the date the RV was accepted for storage.  Therefore, the First Notice is not effective or valid under the Act and Plaintiffs are not entitled to a declaration that the First Notice is valid and effective under the Act.  U.S. Bank is

entitled to summary judgment dismissing the declaratory relief claim on this basis.

### b.  Missing Preceding Language

The summary judgment evidence also demonstrates that the First Notice does not contain the mandatory language preceding Mars Recovery's facility license number. Section 2303.153(a)(7) states that a notice under 2303.151 "**must** include: . . . (7) the facility license number preceded by "Texas Department of Licensing and Regulation Vehicle Storage Facility License Number" or "TDLR VSF Lic. No." Tex. Occ. Code, Title 14, Subchapter D, 2303.153(a)(7) (emphasis added).  The First Notice does not contain "Texas Department of Licensing and Regulation Vehicle Storage Facility License Number" or "TDLR VSF Lic. No." before the facility license number. *See* Appx. 010, Amended Complaint, its Ex. A (only containing "LIC#0655956VSF" without either "Texas Department of Licensing and Regulation Vehicle Storage Facility License Number" or "TDLR VSF Lic. No." preceding it).  Instead, the First Notice contains the facility license number "LIC#0655956VSF" without the mandatorily required preceding language:

**Date: OCTOBER 20, 2020**

COMPANY:

MARS RECOVERY

27057 HANNA RD

CONROE, TX 77385

281-419-1644

LIC# 0655956VSF

**OTHER PARTIES WITH INTEREST IN VEHICLE:**

VEHICLE OWNER 1: ROBERT JOHN KRAJICEK II

2295 CHESTERFIELD CIR, LAKELAND, FL 33813

*See* Appx. 010, Amended Complaint, its Ex. A.

Moreover, Plaintiffs admit that the First Notice does not have the required language preceding Mars Recovery's facility license number.  *See* Appx. 041, Answer ¶ 7 ("Plaintiffs do not dispute . . . that Plaintiffs' notice to Defendant U.S. Bank . . . failed to include Mars Recovery's facility license number.").  Plaintiffs further admit that the First Notice was deficient. *See* Appx. 028, Amended Complaint, its Exhibit D ("My client had advised that due to a deficient notice

form, they will capitulate and turnover the subject vehicle.").  Consequently, the First Notice does not comply with and violates Section 2303.153(a)(7)'s requirement that such notice must include the facility license number preceded by "Texas Department of Licensing and Regulation Vehicle Storage Facility License Number" or "TDLR VSF Lic. No."  Therefore, the First Notice is not effective or valid under the Act and Plaintiffs are not entitled to a declaration that the First Notice is valid and effective under the Act.  U.S. Bank is entitled to summary judgment dismissing the declaratory relief claim on this basis.

### ii.    The Second Notice is Not Valid and/or Effective under the Act

Pursuant to Section 2303.154(d) of the Act, not earlier than the 15th day and before the 21st day after the date the first notice is mailed under Section 2303.151, the operator of a vehicle storage facility is required to send a second notice to the owner and lienholder of the vehicle. TEX. OCC. CODE, Title 14, Subchapter D, 2303.154(d).  Among other things, a notice pursuant to Section 2303.154(d) "**must** include . . . a statement of the right of the facility to dispose of the vehicle under Section 2303.157 . . . ." TEX. OCC. CODE, Title 14, Subchapter D, 2303.154(b)(2) (emphasis added).[2]

On November 4, 2020, the Second Notice was mailed to U.S. Bank. *See* Appx. 017, Amended Complaint, its Ex. C (proof of mailing for the Second Notice containing "Actual Mail Date: 2020-11-4" and containing post mark of "Nov 4 2020").  Plaintiffs admit such.  *See* Appx. 043, Answer ¶ 13 ("the second notice to Defendant U.S. Bank was . . . mailed November 4, 2020.").  The Second Notice, however, does not comply with the mandatory requirements of Section 2303.154(d) of the Act, and as a result, is not a valid or effective Section 2303.154 pre-

---

[2] Section 2303.157 is entitled "Disposal of Certain Abandoned Vehicles" and provides, in relevant part, that the "operator of a vehicle storage facility may dispose of a vehicle for which notice is given under Section 2303.154 if, before the 30th day after the date notice is mailed, the vehicle is not: (1) claimed by a person entitled to claim the vehicle; or (2) taken into custody by a law enforcement agency under Chapter 683, Transportation Code." TEX. OCC. CODE, Title 14, Subchapter D, 2303.157.

sale second notice.

The summary judgment evidence demonstrates that the Second Notice was mailed prematurely and does not include a statement of the right of Mars Recovery to dispose of the RV under Section 2303.157 in violation of Section 2303.154(b)(2).  Pursuant to Section 2303.157, the Second Notice cannot be mailed earlier than the 15th day after the date the First Notice is mailed. Here, the First Notice was mailed on October 21, 2020, which means that the Second Notice cannot be mailed before November 5, 2020.  Plaintiffs, however, in violation of Section 2303.157, mailed the Second Notice prematurely on November 4, 2020.

 Regardless, a review of the Second Notice confirms that the notice does not contain the mandatorily required statement of Mars Recovery's right to dispose of the RV under Section 2303.157.  Plaintiffs also admit that the Second Notice does not include the required statement of Mars Recovery's right to dispose of the RV under Section 2303.157. *See* Appx. 042, Answer ¶ 10 ("Plaintiffs do not dispute . . . that the second notice to Defendant U.S. Bank did not specifically reference Texas Occupations Code Section 2303.157").  Plaintiffs further admitted that the Second Notice was deficient.  *See* Appx. 028, Amended Complaint, its Ex. D ("My client had advised that due to a deficient notice form, they will capitulate and turnover the subject vehicle.").

Consequently, the Second Notice does not comply with and violates Section 2303.154(b)(2)'s requirements that such notice not be mailed before the 15th day after the First Notice is mailed and that such notice must include a statement of the right of Mars Recovery to dispose of the RV under Section 2303.157.  Therefore, the Second Notice is not effective or valid under the Act and Plaintiffs are not entitled to a declaration that the Second Notice is valid and effective under the Act.  Defendant is entitled to summary judgment dismissing the declaratory relief claim on this basis.

### iii.        The RV was Not Abandoned Under the Act

Section 2303.154(a) provides that "if a vehicle is not claimed . . . before the 10th day after the date notice is mailed . . . under Section 2303.151, the operator of the vehicle storage facility shall consider the vehicle to be abandoned and . . . report the abandonment to the law enforcement agency" with jurisdiction where the vehicle is located.  Tex. Occ. Code, Title 14, Subchapter D, 2303.154(a).

The summary judgment evidence demonstrates that the RV was not abandoned when Plaintiffs reported it as abandoned and Plaintiffs did not comply with Section 2303.154(a) of the Act before the sale of the RV.  The proof of mailing for the First Notice confirms it was mailed on October 21, 2020.  *See* Appx. 011, Amended Complaint, Ex. A ("Actual Mail Date: 2020-10-21" and containing post mark of "Oct 21 2020").  Under Section 2303.151, the RV could not have been considered abandoned (if not claimed) until October 31, 2020, which is the 10th day after the date the First Notice was mailed.  Stated differently, the first date that the RV could be considered abandoned (had proper first notice been provided, which it was not) and reported to law enforcement as abandoned was October 31, 2020. The RV could not have been considered abandoned unless the vehicle was not claimed before the 10th day after the First Notice was mailed.

However, Plaintiffs improperly reported the vehicle as abandoned when it was not to the Montgomery County Sheriff's Department in violation of Section 2303.154(a).  The "Montgomery County Sheriff 10 Day Abandoned Report" attached as Exhibit B to the Amended Complaint confirms that Plaintiffs reported the RV as abandoned on October 29, 2020.  *See* Appx. 014, Amended Complaint, Ex. B.  Plaintiffs also admit that they reported the RV as abandoned to the Montgomery County Sheriff's Department on October 29, 2020.  *Id.* (report dated "10/29/2020" and containing notation "Sent 10/29/20").  Under Section 2303.154(a), however, the RV was not

abandoned on October 29, 2020 and could not have been considered abandoned until October 31, 2020.

Consequently, the RV was not abandoned under Section 2030.154(a) at the time Plaintiffs prematurely reported it as such to the Montgomery County Sheriff's Department in violation of Section 2030.154(a). Therefore, Plaintiffs are not entitled to a declaration that the RV was abandoned under the Act and Defendant is entitled to summary judgment dismissing the declaratory relief claim on this basis.

### iv.      The Sale of the RV and Instruments Related Thereto are Not Valid

Under Section 2303.157(a), a vehicle storage facility may only "dispose of a vehicle" if notice was given under Section 2303.154 (the second notice) and the vehicle was not claimed before the 30th day after the date that notice was mailed. Tex. Occ. Code, Title 14, Subchapter D, 2303.157(a). A vehicle storage facility "entitled to dispose of a vehicle" under Section 2303.157 is required to sell the vehicle at a "public sale" if it chooses to sell the vehicle. *Id.* 2303.157(b). Thus, to be entitled to sell the RV under Section 2303.157(a), Plaintiffs must have mailed an effective second notice under Section 2303.154, which could not have been mailed unless and until an effective first notice was mailed under Section 2303.151.

On December 3, 2020, Mars Recovery sold the RV to Mr. Saenz. The summary judgment evidence, however, demonstrates that Plaintiffs sold the RV before they were allowed to do so and that the mandatory notices under Section 2303.154 and Section 2303.151 were not given, both in violation of the Act.

Section 2303.157 provides that a vehicle storage facility may only dispose of a vehicle if, "before the 30th day after the date notice is given under Section 2303.154, the vehicle is not . . . claimed." Tex. Occ. Code, Title 14, Subchapter D, 2303.157(a). In other words, Plaintiffs are not entitled to sell the RV under Section 2303.157 before 30 days have elapsed from the date the

Second Notice was mailed and the RV was not claimed within that time period.  Here, Plaintiffs

sold the RV before the 30-day time period expired in violation of Section 2303.157.  The summary

judgment evidence demonstrates that the Second Notice was mailed on November 4, 2020, and,

as  result, the RV could not have been sold until December 4, 2020, which is the 30th day after the

Second Notice was mailed.  Plaintiffs improperly sold the RV on December 3, 2020, in violation

of Section 2303.157, and as a result, the sale is not valid.

The sale of the RV is also not valid because Plaintiffs admit that the Second Notice did not

contain the required statement of Mars Recovery's right to dispose of the RV under Section

2303.157. *See* Appx. 042, Answer ¶ 10 ("Plaintiffs do not dispute . . . that the second notice to

Defendant U.S. Bank did not specifically reference Texas Occupations Code Section 2303.157");

Appx. 028, Amended Complaint, its Exhibit D ("My client had advised that due to a deficient

notice form, they will capitulate and turnover the subject vehicle.").  A review of the Second Notice

itself further confirms Plaintiffs' own admissions that the Second Notice is not an effective notice

under Section 2303.154.  Plaintiffs were not entitled to sell the RV under the Act because proper

and effective notice under Section 2303.154 was not provided. *See* Tex. Occ. Code, Title 14,

Subchapter D, 2303.157(a-b) (stating only "an operator entitled to dispose of a vehicle" may sell

the vehicle and that to be entitled to sell the vehicle notice must be given under Section 2303.154.).

Therefore, the sale is not valid because notice under Section 2303.154 was not given.

Additionally, before the second notice required under Section 2303.154 can be mailed, a

valid and effective first notice under Section 2303.151 must be mailed.  *See* Tex. Occ. Code, Title

14, Subchapter D, 2303.154 (d) (second notice under Section 2303.154 cannot be mailed earlier

than 15th day after first notice was mailed under Section 2303.151).  Plaintiffs did not mail a valid

and effective first notice before the second notice was mailed because the First Notice does not

contain the mandatory required date the RV was accepted for storage and the facility license

number preceded by "Texas Department of Licensing and Regulation Vehicle Storage Facility License Number" or "TDLR VSF Lic. No."  Plaintiffs admit that the First Notice does not contain the date the RV was accepted for storage and the facility license number preceded by "Texas Department of Licensing and Regulation Vehicle Storage Facility License Number" or "TDLR VSF Lic. No."  A review of the First Notice itself confirms Plaintiffs' admissions.  Therefore, the sale is not valid because notice under Section 2303.151 was not given.

Notwithstanding the above, Section 2303.157(b) requires that an abandoned vehicle be sold at a public sale if the vehicle storage facility decides to sell the vehicle.  *See* Tex. Occ. Code, Title 14, Subchapter D, 2303.157(b).  Plaintiffs, however, have no evidence that the RV was sold at a public sale.  Indeed, the RV was sold on December 3, 2020, but Plaintiff do not deny and therefore admit that the very day before the sale, Mr. Saenz advised U.S. Bank that no sale date had been scheduled as of December 2, 2020, which evidences that the RV was sold at an improper private sale on December 3, 2020, to Mr. Saenz.  *See* Appx. 078-80, Counterclaim ¶ 17, Ex. E; Appx 043-44, Answer ¶ 14 (not denying and therefore admitting portion of Counterclaim ¶ 17 that on December 2, 2020, Mr. Saenz advised the U.S. Bank representative that no sale date had been set at that time, that RV was sold to Mr. Saenz on December 3, 2020); Appx. 043, Answer ¶ 13 (admitting that the RV "was sold to Mr. Saenz" and that "application for title is dated December 3, 2020").  Therefore, the sale is not valid because it was not sold at a public sale pursuant to Section 2303.157(b).

Consequently, Plaintiffs are not entitled to a declaration that the sale of the RV and the instruments related thereto are valid and Defendant is entitled to summary judgment dismissing the declaratory relief claim on this basis.[3]

---

[3] Based on the foregoing, *i.e.* Section B(2)(i-iv), Plaintiffs are not entitled to a declaration that Mr. Saenz is the owner of the RV or that U.S. Bank is not entitled to possession of the RV and, as a result, U.S. Bank is entitled to summary judgment dismissing the requested declaratory relief.

C.      MARS RECOVERY LACKS STANDING TO ASSERT ANY CLAIMS RELATING TO THE RV

Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies.  *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). "One element of the case-or-controversy requirement is that [Mars Recovery], based on the[] complaint, must establish that [it has] standing to sue."  *Raines v. Byrd,* 521 U.S. 811, 818 (1997). To meet the standing requirement, Mars Recovery must show: (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of U.S. Bank; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180-81 (2000); *Consol. Cos., Inc. v. Union Pacific R.R. Co.,* 499 F.3d 382, 385 (5th Cir. 2007).

In this case, Mars Recovery lacks standing to assert the requested declaratory relief against U.S. Bank because it is not the purported owner of the RV.  Mars Recovery sold the RV to Mr. Saenz on December 3, 2020. *See* Appx. 002, 006-7, Amended Complaint (stating Mars Recovery "sold the motorhome" and alleging Mr. Saenz purchased the RV from Mars Recovery); Appx. 043, Answer ¶ 13(admitting the RV "was sold to Mr. Saenz.").  Further, Mars Recovery has not alleged that it has suffered any "injury in fact" that is concrete and particularized and actual or imminent.  *See* Appx. 002-38, Amended Complaint.  Nor can it because Mars recovery is not the claimed owner of the RV for which the declaratory relief is sought. Therefore, Mars Recovery lacks standing to assert any claims against U.S. Bank relating to the RV and U.S. Bank is entitled to summary judgment dismissing Mars Recovery's request for declaratory relief.

D.      U.S. BANK IS ENTITLED TO SUMMARY JUDGMENT DISMISSING PLAINTIFFS' DEFENSES

In their Answer to the Counterclaim, Plaintiffs assert "the common law defenses of laches, equitable estoppel and judicial estoppel . . . ." *See* Appx. 046, Answer ¶ 32.  Defendant is entitled

to summary judgment dismissing these defenses because Plaintiffs have no evidence to support them.

As to laches, Plaintiffs have no evidence of a delay asserting a claim, that the delay was inexcusable, and that undue prejudice resulted from the delay, each of which is required to prevail on this affirmative defense. *See Retractable Techs., Inc. v. Becton Dickinson & Co*., 842 F.3d 883, 899–900 (5th Cir. 2016) ("Laches is an affirmative defense barring suit when a plaintiff's inexcusable delay in bringing a cause of action has prejudiced the defendant."). Regardless, laches does not apply to bar the causes of action in the Counterclaim because each claim has a statute of limitations. *See Malibu Media, LLC v. Martin*, No. CV H-18-4425, 2019 WL 3802678, at *2 (S.D. Tex. Aug. 13, 2019) (citing *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 679 (2014)) ("In light of a statute of limitations created by Congress, laches does not apply to bar relief.") (Appx. 129).

Plaintiffs also have no evidence to support their judicial estoppel defense. Indeed, Plaintiffs have no evidence that U.S. Bank asserted a legal position which is plainly inconsistent with a prior position, that a court accepted that prior position, and that U.S. Bank did not act inadvertently, each of which is required to prevail on this defense. *See Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011). Similarly, Plaintiffs have no evidence to support their estoppel defense. "The doctrine of equitable estoppel generally prevents one party from misleading another to the other's detriment or to the misleading party's own benefit, and requires: '(1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations.'" *Sirius Computer Sols., Inc. v. Sparks*, 138 F. Supp. 3d 821, 839 (W.D. Tex. 2015). Plaintiffs have no evidence that U.S. Bank knowingly made a false representation to Plaintiffs or concealed material

facts with the intent that such representation or concealment be acted on and that Plaintiffs detrimentally relied on the representation or concealment without knowledge or means of obtaining knowledge of the facts.  Consequently, Defendant is entitled to summary judgment dismissing the defenses of laches, judicial estoppel, and equitable estoppel.

## IV.   CONCLUSION

Based on the foregoing, U.S. Bank respectfully requests that the Court grant its Motion for Summary Judgment and dismiss Plaintiffs' claims and defenses.  U.S. Bank further prays that the Court grant all other and further relief in law or in equity to which it may be entitled.

Respectfully submitted,

/s/ *Elizabeth Hayes*
**Marc D. Cabrera**
State Bar No. 24069453
Southern Bar No. 1093318
mcabrera@polsinelli.com
**Elizabeth Hayes**
State Bar No. 24069001
Southern Bar No. 2964103
ehayes@polsinelli.com
**POLSINELLI PC**
2950 N. Harwood Street, Suite 2100
Dallas, TX 75201
T: (214) 397-0030
F: (214) 397-0033

**ATTORNEYS FOR U.S. BANK NATIONAL ASSOCIATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on September 16, 2021, on all counsel of record via ECF pursuant to the Federal Rules of Civil Procedure.

/s/ *Elizabeth Hayes*
Counsel for U.S. Bank National Association