IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WALTER C. SAENZ and WCS LEASING, L.L.C., d/b/a MARS RECOVERY, | § § § | |
| Plaintiffs, | § § | |
| | § | CASE NO. 4:21-cv-00661 |
| v. | § § | |
| U.S. BANK, N.A., | § § | |
| Defendant. | § | |

## Plaintiffs WALTER C. SAENZ and WCS LEASING, L.L.C. d/b/a MARS RECOVERY's Response to U.S. Bank's Motion for Summary Judgment

Pursuant to Fed. R. Civ. 56(c), Plaintiffs WALTER C. SAENZ and WCS LEASING, L.L.C. d/b/a MARS RECOVERY file this response to Defendant U.S. BANK's Motion for Summary Judgment, and in support of same, would respectfully show the Court as follows:

## I. Factually and Procedurally, U.S. BANK's Motion Fails

**(A) The facts presented in this matter are more complex than Defendant contends.**

Defendant U.S. BANK has suggested in its Motion for Summary Judgment that the requirements under Texas law for the sale of abandoned vehicles are simple, objective and straightforward, requiring this Court to simply review the documents and grant Defendant's motion. In fact, the questions raised by Plaintiff WCS LEASING, L.L.C. d/b/a MARS RECOVERY and WALTER SAENZ (hereinafter collectively "MARS RECOVERY") in this matter should set off alarms in the Court's mind regarding all of the steps taken by Plaintiffs to apprise Defendant U.S. BANK (a) that the vehicle abandoned by their customer was in the possession of MARS

RECOVERY, b) that storage charges were accruing for MARS RECOVERY in towing and holding the subject vehicle, and c) that the procedures for picking up the vehicle, including payment for towing and storage of the vehicle, were simple, systematic and could be effectuated by Defendant with minimal efforts. These facts, and the events set out in Plaintiff's initial complaint, and in its other filings, while echoed in U.S. BANK's motion, depict a history of events wherein MARS RECOVERY took multiple steps and turns, including not only written notifications, but repeated telephonic communications with multiple representatives of Defendant to apprise U.S. BANK step-by-step what needed to be done to end this matter in U.S. BANK's favor.

Instead of redeeming their vehicle, Defendant effectively ignored the efforts made by MARS RECOVERY to notify U.S. BANK, and only much later, after receiving all of the required notices, including final notice that the vehicle had been sold at auction, did U.S. BANK complain that the myriad of documents sent to U.S. BANK by MARS RECOVERY were technically deficient, because the notices lacked *some* of the specific, statutory requirements that would allow U.S. BANK to negate all of the extensive efforts made by MARS RECOVERY and Mr. SAENZ to facilitate U.S. BANK's recovery of the subject vehicle.

**(B) Defendant's mistaken contentions that Plaintiffs have failed to state a claim and raise no causes of action against Defendant.**

U.S. BANK contends further that Plaintiffs fail to allege a cause of action against U.S. BANK, and therefore Plaintiff is not entitled to its request for Declaratory Judgment under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. It is well established, however, that "[c]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on . . . motions to dismiss[.]" *Dunn v. Castro*, 621 F.3d 1196, 1205 n.6 (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). Similarly, consideration of the Complaint as a whole demonstrates that it meets the requirements established under the Federal Rules. "[A] complaint

must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiffs/Counter-Defendants' Amended complaint, read in concert with its Answer to U.S. BANK's counterclaim, wherein MARS RECOVERY assert their affirmative defenses of laches, equitable estoppel and judicial estoppel, raise important issues concerning the legal claims and defenses plead by Plaintiff in this matter. Equally important, U.S. BANK raise factually incorrect claims, like their contention the R.V. was in fact never abandoned, when in fact U.S. BANK's customer, Mr. Krajicek, unilaterally decided to *abandon* the vehicle and his payment obligations to U.S. BANK, leaving the vehicle at a local RV dealership blocking ingress and egress into the driveway of the dealership. Instead, Defendant attempts to argue that if Plaintiff failed to comply with the technical notice requirements of the Texas Department of Licensing and Regulation, then the vehicle was not abandoned under these requirements, thereby invalidating any notice sent by MARS RECOVERY to U.S. BANK and negating any argument the vehicle was abandoned. Defendant's efforts in this regard serve only to obfuscate and confuse the issues presented to this Court.

**(C) Plaintiff is entitled to its Declaratory Judgment action under the law.**

In pages 7-8 of its Motion for Summary Judgment, U.S. BANK contends that MARS RECOVERY's request under the FEDERAL DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201 "fails as a matter of law." U.S. BANK then cites legal authority to support its own request for declaratory judgment, urging "[t]he Act 'gives federal courts the competence to declare rights, but does not impose a duty to do so;' it is 'an authorization, not a command.'" *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962). Clearly however, with U.S. BANK's claims that Plaintiff/Counter-Defendants converted the recreational vehicle ("R.V.") in question, and has committed fraud to

deprive U.S. BANK of its rightful property, there are claims by and between these parties which require the Court to adjudicate and rule on such claims.

U.S. BANK's counterclaims against MARS RECOVERY and WALTER SAENZ for fraud/misrepresentation, conversion, unjust enrichment, slander of title, theft, breach of contract and violations of the Texas Vehicle Storage Act, are all affirmative claims for which MARS RECOVERY and WALTER SAENZ are compelled to defend themselves. *See Original Counterclaim of U.S. Bank.* U.S. BANK also ironically includes its own request for declaratory judgment under the 28 U.S.C. § 2201, while simultaneously claiming MARS RECOVERY and Mr. SAENZ are *not entitled* to such a claim.

Federal case law requires that a party's legal interest must relate to an actual "claim arising under federal law that another asserts against him...." *Lowe v. Ingalls Shipbuilding, A Division of Litton*, 723 F.2d 1173, 1179 (5th Cir. 1984). Since it is the underlying causes of action of the defendant against the plaintiff that is actually litigated in a declaratory judgment action, a party bringing a declaratory judgment action must have been a proper party had the defendant brought suit on the underlying cause of action, like U.S. BANK has done in the instant case. The Declaratory Judgment Act is designed to afford parties, threatened with liability, but otherwise without a satisfactory remedy, an early adjudication of an actual controversy. *McDougald v. Jenson*, 786 F.2d 1465, 1481 (11th Cir. 1986). The Act provides an expedient means of declaring the rights and obligations of litigants. *Id.* In the instant case, there are ample claims being leveled against MARS RECOVERY and WALTER SAENZ to justify the Court's review and adjudication of the respective rights of the parties under the Declaratory Judgment act.

The Declaratory Judgment Act allows federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. This language indicates that a party who has an interest in the outcome of

future litigation can petition the court for a declaration of its rights and liabilities. The courts have long held that only parties with legal interests threatened in an actual controversy have standing to sue under the Declaratory Judgment Act. *Wolfer v. Thaler*, 525 F.2d 977, 979 (5th Cir.), cert. denied, 425 U.S. 975, 96 S. Ct. 2176, 48 L. Ed. 2d 800 (1976). "[T]here must be a substantial controversy ... between parties having adverse legal interests." *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986). Clearly the counterclaims brought by U.S. BANK against MARS RECOVERY and WALTER SAENZ gave rise to a reasonable apprehension of litigation, which would allow them to seek a declaratory judgment under the federal Declaratory Judgment Act. *Collin County, Texas, et al., Plaintiffs-appellees, v. Homeowners Association for Values Essential To Neighborhoods, (haven), Defendant-appellant, v. Robert E. Farris, As Federal Highway Administrator, et al., defendants-appellees*, 915 F.2d 167 (5th Cir. 1990).

For the same foregoing reasons, U.S. BANK's claims that MARS RECOVERY lacks standing to assert any claims relating to the R.V., (*See page 18 of U.S. BANK's Motion for Summary Judgment*), rings hollow, since the claims brought by U.S. BANK against MARS RECOVERY *and* WALTER SAENZ necessarily invoke potential liability for actions which this honorable Court is empowered to adjudicate.

**(D) Plaintiff/Counter-Defendant substantially complied with all of the statutory requirements of the Texas Vehicle Storage Facility Act.**

The basic facts concerning the notices sent by MARS RECOVERY to U.S. BANK show substantial compliance with the requirements of Texas vehicle storage law. "Substantial compliance" has been defined to mean performance of the essential requirements of a statute. *Harris County Appraisal Dist. v. Krupp Realty Ltd. Partnership*, 787 S.W.2d 513, 515 (Tex.App.—Houston [1st Dist.] 1990, no writ).

The initial notice by MARS RECOVERY was sent to U.S. BANK on October 20 or October 21, 2020 (the discrepancy between the dates reflects the date notice was dispatched versus date notice was postmarked). Under either date, Section 2303.151(b) allows initial notice for a vehicle registered out of state to be mailed within fourteen (14) days, so MARS RECOVERY's dispatch of its initial notice on October 20/21, 2020, after receiving the vehicle on October 16, 2020 would have been timely under the law. Moreover, the initial notice reflects date of impound as October 20, 2020, though U.S. BANK contends the notice does not contain the date MARS RECOVERY accepted the vehicle for storage. *See page 8-9, Section B(2)(i) of U.S. BANK's April 5, 2021 Motion to Dismiss*. U.S. BANK argues that because the notice lacked MARS RECOVERY's Texas Department of Licensing and Regulation Vehicle Storage Facility number, the notice was ineffective and non-existent. In fact, the notice sent by MARS RECOVERY does in fact reflect its TDLR number, along with its contact information (address and telephone number) for MARS RECOVERY, prominently printed in the upper left corner of the notice.

Section 2303.151(f)(3) provides that "If the operator of a vehicle storage facility sends a notice required under this section after the time prescribed by Subsection (a) or (b) . . . (3) the ability of the operator to seek foreclosure of a lien for storage charges on the vehicle that is the subject of the notice is not affected." This would suggest that substantial compliance by a storage facility in sending its notices to owners and/or lienholders would in fact be sufficient to provide *actual notice* to such lienholders, such that the owner and/or lienholder would have sufficient information with which to act to recover the vehicle in question.

Notice to the Montgomery County Sheriff's Department that the vehicle in question was "abandoned" was sent by MARS RECOVERY on October 29, 2020, which was arguably the thirteenth day after the vehicle had been towed by MARS RECOVERY on October 16, 2020, and nine days after the date the vehicle was impounded (on October 20, 2020). This Court can

determine if this notice meets the strict requirement of Section 2303.154(a), et seq. of the TEXAS OCCUPATIONS CODE. Again, MARS RECOVERY contends that it "substantially complied" with the requirements of the relevant statute, and if in fact the intent of the statute is to apprise owners, lienholders and law enforcement where the vehicle is being stored and held, to facilitate the recovery of the vehicle, then clearly MARS RECOVERY has discharged its duty to all involved.

The same substantial compliance by MARS RECOVERY is evidenced by the second notice sent by MARS RECOVERY to the owner and lienholder, U.S. BANK, dispatched via U.S. mail on November 3, 2020. This notice contains MARS RECOVERY's TDLR License Number, contact information about where the vehicle is stored and how to telephone, the earliest impound date of tow (October 16, 2020), and all manner of statutory disclosures about relative rights of the parties, including the rates at which the storage charges were accruing.

U.S. BANK's critique of MARS RECOVERY's efforts to provide statutory notices to U.S. BANK concludes in every instance that since MARS RECOVERY missed one piece of information in a required notice, the Court is "free to disregard" MARS RECOVERY's efforts to comply with the statute. This position is similar to U.S. BANK's actions throughout the pendency of this matter prior to suit, since U.S. BANK categorically disregarded all of the notices sent by MARS RECOVERY, taking no action to recover their vehicle until the day before it was sold, weeks after U.S. BANK first learned that MARS RECOVERY had possession of the vehicle.

**(E) U.S. BANK focuses on the actions of MARS RECOVERY and SAENZ, but provides no evidence of any meaningful, affirmative action taken by U.S. BANK to recover the R.V., essentially until removal of the case at bar to federal court.**

In the F.R.C.P. 56 motion for summary judgment, and its previously filed 12(b)(6) Motion to Dismiss and Motion to Strike Affirmative Defenses, U.S. BANK points out all of the so-called deficiencies in the actions taken by MARS RECOVERY in providing its notices to U.S. BANK, yet

U.S. BANK fails to provide any evidence of any affirmative act taken by U.S. BANK to recover its R.V., until Plaintiff filed its declaratory judgment action in state court, and U.S. BANK removed the matter to federal court. The evidence of the multitude of actions taken by Plaintiff to notify U.S. BANK that the R.V. was in the possession of MARS RECOVERY, where the R.V. was being stored (at pecuniary cost to MARS RECOVERY by the way), as well as the required notices to the College Station Police Department, the Montgomery County Sheriff's Department, and finally, the Texas Department of Motor Vehicles, show a pattern of affirmative acts taken by MARS RECOVERY to comply with Texas law to advise U.S. BANK, and necessary third parties, as to what was going on with the R.V. in question. Moreover, the lack of affirmative acts taken by U.S. BANK to recover the R.V. display an organizational apathy and bureaucratic neglect which is worthy of disdain and healthy skepticism about U.S. BANK's claims.

Under the TEXAS VEHICLE STORAGE FACILITY ACT, Texas law requires complex steps for a licensed facility, such as MARS RECOVERY, to comply. The obvious reasons for these complex steps is to afford the owner of a vehicle multiple opportunities to be able to recover the towed and/or stored vehicle, *and* to compensate the licensed facility for those expenses incurred for towing and storage of the vehicle in question. In the case at bar, U.S. BANK made no efforts whatsoever to avail itself of these laws, ignoring multiple opportunities to protect/assert their lien interests in the vehicle and to recover it. It is inequitable for U.S. BANK to now affirmatively use the provisions of such laws to indict, criticize and complain about MARS RECOVERY's actions, when U.S. BANK did nothing to avail itself of the protections of such laws.

For U.S. BANK to wait, (despite multiple documented notices dispatched by MARS RECOVERY and delivered to U.S. BANK) to contest MARS RECOVERY's claim that the R.V. was abandoned and was legally sold by MARS RECOVERY to WALTER SAENZ is disingenuous, and is the embodiment of MARS RECOVERY's affirmative defense of laches and equitable

estoppel. U.S. BANK's delay in responding to these notices constitutes a delay to the detriment of MARS RECOVERY. Further, though MARS RECOVERY has admitted minor omissions in its efforts to comply with the specifics of Texas law, nevertheless U.S. BANK should be prevented from complaining to any third party about MARS RECOVERY and Mr. SAENZ's efforts to comply with Texas law regulating the towing and storage of motor vehicles in Texas, when it is clear that U.S. BANK is the true party at fault here, and is to blame for creating the very situation about which they now complain. But for U.S. BANK's inattention and negligence in responding to MARS RECOVERY s efforts, the R.V. would be back in the possession of U.S. BANK and MARS RECOVERY would have been paid its modest storage charges, which MARS RECOVERY was absolutely entitled to under Texas vehicle storage laws.

## II. CONCLUSION

In its F.R.C.P. 56 motion for summary judgment, U.S. BANK asks this Court to adjudicate the rights between the parties under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and order the return of the subject vehicle held for more than a year by MARS RECOVERY and later, WALTER SAENZ, while summarily discounting and dismissing the related affirmative defenses raised by WCS LEASING, L.L.C., d/b/a MARS RECOVERY, and WALTER SAENZ. To dismiss these claims and defenses would be improper and inequitable, particularly given the lengths that WCS LEASING, L.L.C., d/b/a MARS RECOVERY, and WALTER SAENZ went to disclose and apprise U.S. BANK as to the condition, the whereabouts and the charges accruing for their impounding and storage of the subject R.V.

WCS LEASING, L.L.C., d/b/a MARS RECOVERY, and WALTER SAENZ implore the Court to consider the efforts made by these parties, particularly relative to the disregard exercised by U.S. BANK, to deny the Motion to Dismiss filed by U.S. BANK, and for all such other relief to

which WCS LEASING, L.L.C., d/b/a MARS RECOVERY, and WALTER SAENZ may show

themselves justly entitled, at law or in question, to which they are justly entitled.

THE BARCLAY LAW FIRM

By: _____

Byron K. Barclay
State Bar No: 01720350
Federal I.D. No. 11747
705 Chelsea Boulevard
Houston, Texas 77006-6205
Telephone: (713) 224-2334
Facsimile: (713) 758-0253
Email: BKBarclay@Lawyer.com
ATTORNEY FOR PLAINTIFF
WALTER C. SAENZ and
WCS LEASING, L.L.C. d/b/a
MARS RECOVERY

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on October 6, 2021, on counsel for all parties of record via CM/ECF pursuant to the FEDERAL RULES OF CIVIL PROCEDURE.

By: _____
Byron K. Barclay