IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WALTER C. SAENZ, ET AL., | § |
| | § |
| *Plaintiffs*, | § |
| | § |
| vs. | §   CIVIL ACTION NO. 4:21-cv-00661 |
| | § |
| U.S. BANK, N.A., | § |
| | § |
| *Defendant*. | § |

**U.S. BANK'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The gravamen of Plaintiffs' Response to U.S. Bank's Motion for Summary Judgment (Doc. No. 31) (the "Response") is that they are entitled to a luxury RV that was deficiently noticed and sold prematurely at an improper private sale (which they do not dispute) because it would be inequitable to dismiss their claims when they purportedly "substantially complied" with the Texas Vehicle Storage Facility Act (the "Act") and U.S. Bank did not respond to the admittedly inadequate notices sooner, but such windfalls are the province of sweepstakes, not federal courts. Plaintiffs fail to appreciate that it would be, in fact, inequitable not to dismiss their claims when the Act's pre-sale notice requirements are mandatory, and Plaintiffs provided no credible evidence or authority to the contrary. Plaintiffs also fail to appreciate that they are the ones that are required to comply with the Act to legally sell an abandoned RV thereunder, which includes, among other things, sending pre-sales notices that comply with the Act's mandatory requirements to be effective, not U.S. Bank. Indeed, that U.S. Bank did not allegedly respond to the ineffective pre-sale notices sooner does not excuse Plaintiffs from complying with the strict and mandatory requirements of the Act. Additionally, Plaintiffs fail to provide even a scintilla of evidence or even respond to the fact that the RV was sold prematurely at a private sale, which is improper under the Act, and effectively dooms their claims. In sum, Plaintiffs did not comply with the mandatory pre-

sale notice requirements of the Act, they did not sell the RV at a public sale (rather, a private one and prematurely), and their arguments in the Response are red herrings that confirm their claims should be dismissed.

### A.   IT IS UNDISPUTED THAT THE SALE OF THE RV TOOK PLACE AT AN IMPROPER, PREMATURE PRIVATE SALE

All of Plaintiffs' claims and relief sought in this action fail as a matter of law because it is undisputed that the RV was not sold at a public sale in compliance with the Act, but rather a private sale, and the sale occurred prematurely. "Summary judgment is proper if the movant demonstrates that there is an absence of genuine issues of material fact." *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). "Such a showing entitles the movant to summary judgment as a matter of law." *Id.* (citing Fed. R. Civ. P. 56(c)). "The movant accomplishes this by informing the court of the basis for its motion, and by identifying portions of the record which reveal there are no genuine material fact issues. *Id.* (citing *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Once the movant produces such evidence, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial . . . ." *Id.* "A court, however, is permitted to accept the movant's facts as undisputed when no response or opposition is filed." *Esquivel v. McCarthy*, No. 3:15-CV-1326-L, 2016 WL 6093327, at *2 (N.D. Tex. Oct. 18, 2016).

Section 2303.157(b) of the Act requires a vehicle storage facility to sell an abandoned vehicle at a public sale. *See* Doc No. 27 at p. 17 ("Motion for Summary Judgment"); *see also* Tex. Occ. Code, Title 14, Subchapter D, 2303.157(b).  Section 2303.157(a) states that a vehicle storage facility may only dispose of a vehicle if, "before the 30th day after the date notice is given under Section 2303.154, the vehicle is not . . . claimed." Tex. Occ. Code, Title 14, Subchapter D, 2303.157(a).

Plaintiffs admit that on December 2, 2020, Mr. Saenz advised U.S. Bank that no sale date had been scheduled as of December 2, 2020, but tellingly the RV was sold the very next day to Mr. Saenz. *Id.* These admissions are competent summary judgment evidence that the RV was not sold at a public sale, but instead a private sale considering the sale took place on December 3, 2020. Thus, U.S. Bank identified portions of the record which reveal there are no genuine material fact issues and further advised the Court that Plaintiffs had no evidence that the sale of the RV took place at a public sale.

In their Response, however, Plaintiffs did not direct the Court's attention to any evidence whatsoever in the record sufficient to establish that there is a genuine issue of material fact that the sale of the RV took place at a private sale. Not even a scintilla. Rather, Plaintiffs did not even respond, and as a result, it is undisputed that Plaintiffs sold the RV at a public sale. *See, e.g., Esquivel*, 2016 WL 6093327, at *2. Consequently, U.S. Bank is entitled to summary judgment dismissing all of Plaintiffs' claims and relief sought because Plaintiffs sold the RV at a private sale and have no evidence to the contrary.

Plaintiffs also did not respond to U.S. Bank's argument in its Motion for Summary Judgment that the sale took place prematurely. Notwithstanding the deficient notices, under Section 2303.157, the RV could not have been sold before 30 days from the date the Second Notice was mailed. Here, Plaintiffs sold the RV before the 30-day time period expired in violation of Section 2303.157. The summary judgment evidence demonstrates that the Second Notice was mailed on November 4, 2020, and, as result, the RV could not have been sold until December 4, 2020, which is the 30th day after the Second Notice was mailed. Plaintiffs improperly sold the RV on December 3, 2020, in violation of Section 2303.157, and as a result, the sale is not valid. Plaintiffs do not direct the Court's attention to any evidence whatsoever in the record sufficient to establish that there is a genuine issue of material fact that the sale of the RV took place prematurely. Not even a scintilla. Rather, Plaintiffs did not even respond, and consequently, it is undisputed

that Plaintiffs sold the RV prematurely and before they were allowed to do so under the Act. *See, e.g., Esquivel*, 2016 WL 6093327, at *2. Consequently, U.S. Bank is entitled to summary judgment dismissing all of Plaintiffs' claims and relief sought because Plaintiffs sold the RV prematurely.

B. **THE REQUIREMENTS OF THE TEXAS VEHICLE STORAGE FACILITY ACT ARE MANDATORY**

Plaintiffs do not dispute that their pre-sale notices are deficient and, in the Response, admit they made "omissions in [their] efforts to comply with the specifics of Texas law." Response, p. 9. Plaintiffs' admissions in their Complaint and otherwise are fatal to their claims and the relief they seek in this action. Although the laundry list of pre-sale notice failures to comply with the Act are not disputed, Plaintiffs nonetheless invite the Court to read into the Act a phantom, non-existent "substantial compliance" requirement to save their claims. *See* Response, pp. 5-7. This the Court cannot and should not do.

The requirements of the Act are mandatory. It has long been established in Texas law that "must" is mandatory language in statutory construction. *See Mitchell v. Hancock,* 196 S.W. 694, 700 (Tex. Civ.—Ft. Worth 1917) ( "'[S]hall' or 'must' is of mandatory effect…"); *Vela v. Shacklett,* 1 S.W.2d 670, 672 (Tex. App.—San Antonio 1927) ("[T]he word "must," … is purely mandatory…"). Courts have concluded that the requirements of the Act are mandatory. *See, e.g., John Deloach Enterprises, Inc. v. Telhio Credit Union, Inc.,* 582 S.W.3d 590, 599 (Tex. App.—San Antonio 2019) ("trial court concluded the language of section 2303.151 . . . imposed a **mandatory duty**.") (emphasis added); *Texas Department of Licensing and Regulation, Petitioner v. Lance Nicastro d/b/a Texas Wrecker Storage, Respondent,* 2010 WL 2001591, at *7 (Tex. St. Off. Admin. Hgs. May 13, 2010) ("The only certified letter received by Mr. Elender was the October 22, 2007 letter which **did not include the date the vehicle was accepted for storage** . . . . **Respondent violated Tex. Occ. Code Ann. §§ 2303.151(a) and, 2303.153(a)**, which **requires**

that Respondent provide proper written notice . . . .") (emphasis added).

*BankDirect Capital Finance, LLC v. Plasma Fab, LLC* is instructive. There, the Texas Supreme Court noted specifically that there are "numerous statutes spanning diverse categories of legislation" that include substantial compliance provisions. 519 S.W.3d 76, 81 (Tex. 2017). The Texas Supreme Court further stated that "'substantial compliance' needs no judicial assist" because "[w]hen the Legislature desires a not-so-bright line forgiving noncompliance, it knows what to say and how to say it." *Id*. As mentioned in *BankDirect*, there are specific provisions of the Texas Occupations Code which specifically allow for substantial compliance, such as Section 2001.314(c), for example, which allows for substantial compliance with the regulations governing an approved bingo worker's identification card. *See* Tex. Occ. Code § 2001.314(c) ("An identification card required by the commission under this section to be worn by an individual while on duty during the conduct of bingo ***must be in substantial compliance with*** the form and content requirements prescribed by the commission under this section.") (emphasis added).

In this case, the relevant provisions of the Act do not contain any "substantial compliance" provisions.[1] Rather, these sections include the term "**must**" without any qualifying substantial compliance language, which clearly evidences a mandatory, strict compliance with its terms. Like the Texas Supreme Court in *BankDirect*, this Court "must presume the Legislature acted

---

[1] The relevant portions of these statutes are as follows:

Sec. 2303.153. CONTENTS OF NOTICE. (a) "A notice by mail provided under Section 2303.151 **must include**: (1) the date the vehicle was accepted for storage . . . and (7) the facility license number preceded by 'Texas Department of Licensing and Regulation Vehicle Storage Facility License Number' or 'TDLR VSF Lic. No.'" (emphasis added). Tex. Occ. Code, Title 14, Subchapter D, 2303.153(a)(1), (a)(7).

Sec. 2303.154. SECOND NOTICE; CONSENT TO SALE. (b) "Notice under this section **must include**: . . . (2) a statement of the right of the facility to dispose of the vehicle under Section 2303.157 . . . ." (emphasis added). Tex. Occ. Code, Title 14, Subchapter D, 2303.154(b)(2).

Section 2303.157(b) "An operator entitled to dispose of a vehicle under this section may sell the vehicle at a public sale . . . ." Tex. Occ. Code, Title 14, Subchapter D, 2303.157(b). It bears noting there is no other provision in the Act providing guidance on the disposal of an abandoned vehicle and, therefore, the abandoned vehicle may only be sold at a public sale.

intentionally, not inadvertently, 'it chose to enact more restrictive language, and we are bound by that restriction.'" *BankDirect*, 519 S.W.3d at 81-82.  Plaintiffs' invitation to read into the Act a substantial requirement language to replace the existing mandatory language should be declined.

Notwithstanding the above, Plaintiffs provide no authority standing for the proposition that the pre-sale notice provisions and the public sale requirement of the Act contain a "substantial compliance" provision.  Rather, Plaintiff argue that Section 2303.151(f)(3) of the Act, which provides that if a storage facility operator untimely sends a notice, such untimeliness does not affect the ability of the operator to seek foreclosure, supports their ill-conceived "substantial compliance" theory.  It does not. Section 2303.151 does not contain a substantial compliance provision and has nothing to do with substantial compliance.  Instead, this section describes only the effect of the **timing** of a notice and not the **contents** of a notice.  Plus, Section 2303.151 presupposes that the notices have the mandatorily required language set forth in Section 2303.153 and 2303.154 to begin with.  It's an apples to oranges comparison bearing no relevance on substantial compliance.  If the Legislature wanted to include a "substantial compliance" provision in the Act, as it has in other sections of the Occupations Code, it certainly knew "what to say and how to say it" and would have included such therein, but no such language is included in the Act. *BankDirect*, 519 S.W.3d at 81.

C.   **PLAINTIFFS' ARGUMENTS IN THE RESPONSE ARE WITHOUT MERIT**

Plaintiffs argue that it is factually incorrect that the RV was never abandoned when the Borrower left the RV at the local RV dealership and that the first pre-sale notice was timely and contained its "TDLR" number in the upper left corner of the notice.  *See* Response at pp. 3, 6.

However, that Borrower left or abandoned the RV at a dealership does not have the same meaning as abandonment under the Act.  The RV is only abandoned under the Act when it is "not claimed . . . before the 10th day after the date notice is mailed . . . under Section 2303.151." Tex. Occ. Code, Title 14, Subchapter D, 2303.154(a).  The definition of abandonment under the Act

has nothing to do with its owner initially leaving it somewhere.

Further, U.S. Bank does not argue that the First Notice was not timely or that the First Notice does not contain the facility license number. Rather, U.S. Bank argues that the First Notice is invalid and deficient under the Act because it does not contain "the date" the RV was "accepted" for storage or the mandatory language preceding Mars Recovery's facility license number. Under Section 2303.153(a)(7) of the Act, Plaintiffs "**must** include: . . . (7) the facility license number preceded by 'Texas Department of Licensing and Regulation Vehicle Storage Facility License Number' or 'TDLR VSF Lic. No.'" Tex. Occ. Code, Title 14, Subchapter D, 2303.153(a)(7) (emphasis added). The First Notice does not contain either "Texas Department of Licensing and Regulation Vehicle Storage Facility License Number" or "TDLR VSF Lic. No." before Mars Recovery's facility license number, which is required under the Act.

### D. PLAINTIFFS HAVE NO EVIDENCE TO SUPPORT THEIR REQUEST FOR DECLARATORY JUDGMENT OR MARS RECOVERY'S STANDING

In the Response, Plaintiffs claim that their request for declaratory relief is proper and should not be dismissed because U.S. Bank's pleadings reflect a claim or controversy existing between the parties. *See* Response at pp. 2-5. Plaintiffs ask the Court to consider not only their Amended Complaint, but also the Counterclaim and Plaintiffs' Answer to the Counterclaim in determining whether to permit their request for declaratory relief. *Id*. Likewise, Plaintiffs argue that Mars Recovery has standing to assert a request for declaratory relief for the same reason, despite no longer having any interest in the RV. However, Plaintiffs have provided no evidence to support their claim that their request for declaratory relief should not be dismissed or that Mars Recovery has any standing.

As an initial matter, Plaintiffs provide no support for their contention that the Court may look outside of the Amended Complaint to find a basis for a declaratory judgment claim. *See generally id*. Moreover, Plaintiffs' argument puts the cart before the horse. Essentially, Plaintiffs

argue that their request for declaratory relief should survive summary judgment and Mars Recovery has standing because U.S. Bank has filed a counterclaim with viable causes of action. *Id*. Plaintiffs fail to appreciate that U.S. Bank's request for declaratory relief is accompanied by no fewer than seven separate underlying causes of action, whereas Plaintiffs' request for declaratory relief is accompanied by none. *See generally* Original Verified Counterclaim (Doc. 2). A request for declaratory judgement "is not a cause of action and thus cannot stand alone." *RF Group, LLC v. Wells Fargo Bank, N.A.*, No. 4:16-CV-01339, 2018 WL 2335339 (S.D. Tex. Jan. 26, 2018) (citing *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170-171 (5th Cir. 1990)). Plaintiffs have provided no argument or authority as to why their remedial request for declaratory relief unaccompanied by any viable cause of action should survive dismissal. Likewise, the Response provides no viable basis for Mars Recovery's standing to request the declaratory relief.[2]

Notwithstanding the above, even if the Court determines an underlying claim or controversy exists among the parties by looking outside the Amended Complaint, Plaintiffs' declaratory judgment claim still fails because Plaintiffs do not provide any evidence to support any viable causes of action, and the pre-sale notices themselves and Plaintiffs' own admissions that such notices are deficient and did not comply with the requirements of the Act, as well as that the sale was premature and the RV was sold at a private sale, evidence the requested declaratory relief should be dismissed. *See* Motion for Summary Judgment, Section V(B). Therefore, Plaintiffs' request for declaratory relief should be dismissed.

---

[2] Mars Recovery lacks standing to assert the requested declaratory relief because it is not the purported owner of the RV. Mars Recovery admits that it sold the RV to Mr. Saenz on December 3, 2020. *See* Motion for Summary Judgment, App'x. 002. (stating that Mars Recovery "sold the motorhome"); App'x. 006-7 (alleging that Mr. Saenz purchased the RV from Mars Recovery); App'x. 043 (admitting that the RV "was sold to Mr. Saenz."). Further, Mars Recovery has not alleged that it has suffered any "injury in fact" that is concrete and particularized and actual or imminent.

E. **PLAINTIFF IS REQUIRED TO COMPLY WITH THE ACT, NOT U.S. BANK, WHICH IS NOT REQUIRED TO RESPOND TO ANY NOTICES UNDER THE ACT**

In a transparent attempt to deflect from their admissions that the pre-sale notices were deficient and that the RV was improperly sold at a private sale, Plaintiffs argue generally that it would be inequitable to dismiss their claims because U.S. Bank did not respond to the pre-sale notices or provide any evidence of any affirmative actions to recover the RV even though they provided the ineffective notices. Response at pp. 7-8. This argument misses the mark.

Plaintiffs, not U.S. Bank, are the ones that are required to comply with the Act with respect to storing the RV, the sending of valid and effective pre-sale notices, and the selling of the RV at a public sale. Any lack of alleged action on the part of U.S. Bank is a red herring. It was not U.S. Bank or any omissions on the part of U.S. Bank that caused Plaintiffs to admittedly send notices that did not contain the mandatory requirements of the Act. It was also not U.S. Bank or any omissions on the part of U.S. Bank that caused Plaintiffs to prematurely declare the RV abandoned. It was not U.S. Bank or any omissions on the part of U.S. Bank that caused Plaintiffs to sell the RV before they could legally do so. And it was not U.S. Bank or any omissions on the part of U.S. Bank that caused Plaintiffs to improperly sell the RV at a private sale. Simply put, there is nothing in the Act that requires a lienholder to respond to notice under the Act, especially ones that are invalid and ineffective notices.

There is likewise nothing in the Act or otherwise that requires U.S. Bank to provide evidence of any affirmative actions to recover the RV to defeat Plaintiffs' claims. Indeed, the provisions of the Act relevant to Plaintiffs' claims relate solely to the acts and duties of the storage facility operator in notifying the owner and/or lienholder of the towed vehicle. *See generally* Tex. Occ. Code §§ 2303.001, *et. seq.* That U.S. Bank did not respond to the notices or take actions to redeem the RV sooner does not absolve or excuse Plaintiffs in any way from complying with the mandatory pre-sale notice requirements of the Act and selling the RV at a timely and public sale.

Plaintiffs fail to direct the Court to even a scintilla of evidence or authority to support their flawed don't-look-at-me-look-at-them-argument. While they attempt to make a big deal out of all the efforts they took with respect to the sending of notices relating to the RV, at the end of the day Plaintiffs attempted to do nothing more than what was required of them by law, and even then they admit they did not comply with the Act in doing so. It goes without saying that Plaintiffs' argument that U.S. Bank did not respond to their deficient notices and their claims should not be dismissed as a result is nonsensical.

### F.   THE AFFIRMATIVE DEFENSES SHOULD BE DISMISSED

Courts in the Fifth Circuit hold that where a plaintiff fails to respond to legal arguments raised by a defendant in a motion for summary judgment, those claims are abandoned. *See Vela v. City of Houston*, 276 F.3d 659, 679 (5th Cir. 2001) (affirming dismissal of the City of Houston's statute of limitations defense when it "never re-asserted its limitations defense" in response to a motion for summary judgment); *see also Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (holding that a plaintiff's failure to defend a claim in response to a defendant's motion to dismiss "constituted abandonment"); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1164 (5th Cir. 1983) (explaining that a plaintiff, "in his opposition to a motion for summary judgment cannot abandon an issue and then ... by drawing on the pleadings resurrect the abandoned issue."); *Arias v. Wells Fargo Bank, N.A.*, No. 3:18-CV-00418-L, 2019 WL 2770160, at *2 (N.D. Tex. July 2, 2019) ("When a plaintiff fails to defend a claim in response to a motion to dismiss or summary judgment motion, the claim is deemed abandoned.").

Plaintiffs failed to respond to U.S. Bank's arguments that the laches defense should be dismissed because Plaintiffs have no evidence of a delay in asserting a claim, that the delay was inexcusable, and that undue prejudice resulted from the delay, each of which is required to prevail on this affirmative defense, as well as laches does not apply to bar the causes of action in the Counterclaim because each claim has a statute of limitations. *See* Motion for Summary Judgment

at pp. 18-20. Plaintiffs also failed to respond to U.S. Bank's arguments that the judicial estoppel defense should be dismissed because Plaintiffs have no evidence that U.S. Bank asserted a legal position which is plainly inconsistent with a prior position, that a court accepted that prior position, and that U.S. Bank did not act inadvertently, each of which is required to prevail on this defense. *Id.* Plaintiffs further failed to respond to U.S. Bank's arguments that the equitable estoppel defense should be dismissed because Plaintiffs have no evidence that U.S. Bank knowingly made a false representation to Plaintiffs or concealed material facts with the intent that such representation or concealment be acted on and that Plaintiffs detrimentally relied on the representation or concealment without knowledge or means of obtaining knowledge of the facts, each of which is required to prevail on this defense. *Id.*

Plaintiffs only reference these affirmative defenses twice in the entirety of the Response, and neither of those references provides any substantive response to U.S. Bank's arguments for dismissal, and as a result, Plaintiff has abandoned their affirmative defenses. Consequently, U.S. Bank is entitled to summary judgment dismissing the affirmative defenses.

    Respectfully submitted,

*/s/ Elizabeth Hayes*

**Marc D. Cabrera**
  State Bar No. 24069453
  Southern Bar No. 1093318
  mcabrera@polsinelli.com
**Elizabeth Hayes**
  State Bar No. 24069001
  Southern Bar No. 2964103
  ehayes@polsinelli.com
**POLSINELLI PC**
2950 N. Harwood Street, Suite 2100
Dallas, TX 75201
T: (214) 397-0030
F: (214) 397-0033

**ATTORNEYS FOR U.S. BANK NATIONAL ASSOCIATION**

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system pursuant to the Federal Rules of Civil Procedure on this 18th day of October 2021.

                                      */s/ Elizabeth Hayes*
                                      Attorney for Defendant